### HALL v. GAYES.

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 774. Decided Sept. 9, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

480. EVIDENCE.

Where, in action to recover for personal injuries and damages to automobile, competent bit of evidence is offered, and, incidental thereto, the existence of a liability company is disclosed, such fact is not prejudicial in absence of some unnecessary act or comments by counsel or witness.

Error to Common Pleas.

Judgment modified and affirmed.

Virgil Dorfmeier and McMahon, Corwin, Landis & Markham, Dayton, for Hall.

H. H. Hollencamp and W. S. Rhotehamel, Dayton, for Gayes.

### FULL TEXT.

BY THE COURT.

This action was brought in the court below by George Gayes against the plaintiff in error, Robert C. Hall, to recover for personal injuries and damage to his automobile. The action arises out of a collision upon the highway leading from Eaton to Richmond. The

plaintiff claims negligence on the part of the defendant as the proximate cause. The defendant answers by general denial, and also by an affirmative plea of contributory negligence. The case was tried, resulting in a verdict and judgment in favor of plaintiff in the sum of $5,460.00. The defendant below prosecutes error.

The three principal assignments of error are, first, that the trial court erred in admitting evidence as to an insurance company being involved, and in refusing to declare a mistrial and a continuance. Second, that the trial court erred in its charge, and particularly in the refusal to give special charges Numbers 3 and 5 requested before argument. And third, that the verdict is excessive.

In the trial of the case, (p. 52), Florence Gayes, the wife of plaintiff, testified as follows:

"Q. Where was Mr. Gayes?

"A. He was in the machine. And I got out to see what was wrong, what had happened and the Mister was sitting in the machine and when I went over to Mr. Hall I asked him: 'What are you going to do about this car?' He said: 'I will notify the insurance people tomorrow.'"

There was no objection at the time, but at the close of this witness's testimony, counsel for defendant asked for the withdrawal of a juror and the continuance of the case. This was refused by the trial court.

The court also makes the statement that the jurors were interrogated as to an insurance company at the time they were qualified. We have carefully examined the record in respect to the answer of the witness. This court has held that where a competent bit of evidence is offered, and incidental thereto the existence of a liability company is disclosed, that fact is not prejudicial in the absence of some unnecessary act or comments by counsel or witness. Here, so far as we can disclose from the evidence, the counsel were not responsible for the objectionable evidence, and we find nothing to indicate that the witness in volunteering the evidence was guilty of any intentional misconduct. We therefore hold that there was no such prejudicial error in this respect as would justify reversal.

In respect to the charge of the court, we are in harmony with the general charge, as given by the court, and with the special charges actually given. The question of an emergency arising out of the fact that the driver of one automobile suddenly stopped in front of the automobile driven by the plaintiff in error, was a question of due care on the part of the driver of the defendant's car and became a question for the jury under proper instructions by the court as to the principles of law governing such an emergency. We think it would not have been proper for the trial court to have decided as a matter of law that there was such an emergency as would justify Gayes in turning suddenly from his course to pass the car so suddenly stopped in the highway. The court having properly submitted the question of due care in the face of such an emergency, there was no prejudicial error in this respect.

Upon the question as to the verdict being excessive, we have examined the evidence with great care. The testimony as to the loss of earning capacity is somewhat doubtful as to the extent of such loss. The medical testimony is in conflict. But upon a careful consideration of the entire evidence, we have

(Continued on Page 272)

---

| OFFICIAL SYLLABI |
| :---: |
| **Ohio Appeals** |

### ELICKER, Ex Parte.

Ohio Appeals, 2nd Dist., Madison Co.

**601. HABEAS CORPUS—333. Criminal Law.**

Where defendant is convicted, sentenced and imprisoned, as for third offense, habeas corpus not appropriate remedy to secure release.

**681. JURISDICTION—465. Error Proceedings.**

Trial court has jurisdiction to determine regularity of first- and second convictions, and if trial court erred in such determination, defendant's remedy is proceeding in error.

Little, Wicks & Carnes, Columbus, for petitioner.

Edward C. Turner, Atty. Gen. and Herman E. Warner, Columbus, for respondent.

KUNKLE, J.

1. Where the defendant is convicted in the Court of Common Pleas upon an indictment for a third offense for possession of intoxicating liquor, and where, upon a plea of guilty, such trial court orders the defendant imprisoned as for a third offense, and the defendant is so imprisoned, a writ of habeas corpus is not the appropriate remedy to secure the defendant's release.

2. In such case the trial court had jurisdiction to determine the regularity of the first and second convictions, and if the trial court erred in such determination then the defendant's remedy is a proceeding in error and not a writ of habeas corpus.

(Ferneding and Allread, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### WHALEN v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

**685. JUSTICES OF THE PEACE—49. Affidavits—943. Prejudice.**

No law authorizing filing affidavit of prejulice against justice of the peace.

**954. PRIVILEGED COMMUNICATION.**

Statement, by defendant, to attorney who was police prosecutor, made after defendant was informed that attorney was prosecuting case and could not represent defendant, and not made for purpose of employing prosecutor as defendant's attorney, not inadmissible.

**1231. VENUE.**

Inferences, from record, showing defendant's premises were on certain street, and that justice court was held in particular county, sufficient to show venue.

G. A. Hurley, Cleveland, for Whalen.

F. A. Irvine, Cleveland, for State.

VICKERY, J.

1. In prosecution before justice of peace for selling liquor, application for change of venue, based on prejudice, against justice of peace, held not tenable; there being no law authorizing filing affidavit of prejudice against justice of peace.

(Continued on Page 270)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
## NEW CASES DOCKETED

### April 12, 1928

21080—Bayard T. Wright v. Arthur H. Clark. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Paul Howland, Cleveland, for plaintiff; Thompson, Hine & Flory, Cleveland, for defendant.

21081—Murray G. Millhouse et al v. The Regal Oil Refining Co. Motion for an order directing the Court of Appeals of Miami county to certify its record. Losh O. Harbaugh, Piqua, for plaintiff; A. W. DeWeese, Piqua, for defendant.

21082—George K. Browning v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Muskingum county. Meyer & Crossan, and Frazier & Fraser, Zanesville, and J. A. White, Columbus, for plaintiff; Clarence J. Crossland, Zanesville, and J. A. Godown, Columbus,. for defendant.

### April 14, 1928

21083—C W Troll et al v. Great Lakes Coal Mining Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Chas. S. Reed, Cleveland, for plaintiffs; Holding, Duncan & Leckie, Cleveland, and Morton, Irvine, Blanchard & TouVelle, Columbus, for defendant.

21084—The John C. Boehm Co. v. Commonwealth Banking & Trust Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. White, Hammond, Brewer & Curtiss, Cleveland, for plaintiff; Dustin, McKeehan, Merrick, Arter &. Stewart, Cleveland, for defendant.

21085—The Carey Co. et al v. Michael Mantsch et al. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. J. G. Lipkin, J. C. Logue, Klein & Zaller, Holding, Duncan & Leckie and Griswold, Green, Palmer & Hadden, Cleveland, for plaintiffs; Calfee, Fogg & White, Cleveland, for defendants.

21086—Industrial Commission of Ohio v. Frederico Gardinio. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. E. C. Turner and R. R. Zurmehly, Columbus, and John A. Elden, Cleveland, for plaintiff; M. S. Cerrezin, Cleveland, for defendant.

21087—Claude A. Ligenfelter v. Marion G. Ligenfelter. Motion for an order directing the Court of Appeals of Crawford county to certify its record. Sears & Sears, Bucyrus, for plaintiff; Chas. S. Schafer, Bucyrus, for defendant.

### April 16, 1928

21088—Charles Franke v. The Blair Realty Co. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Holbrook & Banker, Toledo, for plaintiff; Smith, Baker, Effler & Eastman, Toledo, for defendant.

21089—Wilson Matthews et al v. The State Mortgage & Investment Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. W. P. Barnum, Youngstown, for plaintiff; Bulkley, Hauxhurst, Jamison & Sharp, Cleveland, for defendant.

21090—F. J. Rummell et al v. The State Mortgage & Investment Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. W. P. Barnum, Youngstown, for plaintiff; Bulkley, Hauxhurst, Jamison & Sharp, Cleveland, for defendant.

### April 17, 1928

21091—J. H. Moonen v. Milton B. Flynt. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. D. W. Spellman, Cleveland, for plaintiff; Dunlap, Stephens & Stephens, Cleveland. for defendant.

21092—Lewis H. Harkness v. John J. Routson, Admr. Motion for an order directing the Court of Appeals of Hancock county to certify its record. Foster & Sheridan and Geo. H. Phelps, Findlay, for plaintiff; Dunn & Dunn and A. G. Fuller, Findlay, for defendant.

## PROCEEDINGS OF
## SUPREME COURT

### GENERAL DOCKET
#### Wednesday, April 18, 1928

20625—Commonwealth Casualty Co. v. Clifford Headers. Cuyahoga. Judgment reversed and judgment for. plaintiff in error. Dock. 5 Abs. 471.

20664—Cleveland Window Glass & Door Co. v. the National Surety Co. Cuyahoga. Judgment affirmed. Dock. 5 Abs. 491.

20665—State, ex rel. Ida Bredwell v. George W. Hershner. Butler. Judgment reversed and cause remanded. Dock. 5 Abs. 506.

20699—State, ex rel. R. L. Davis v. Industrial commission. In mandamus. On rehearing. Writ allowed. Dock. 5 Abs. 522.

20806—Bank of Italy v. Nicholas Colla et al. Mahoning. Judgment reversed and judgment for plaintiff in error. Dock. 5 Abs. 749.

20820—B. R. Thomas v. W. D. Black Jr. Mahoning. Judgment affirmed. Dock. 5 Abs. 781.

20825—George H Olmsted & Co. v Metropolitan Life Ins. Co. Error to the Court of Appeals of Cuyahoga county. Judgment affirmed. Dock. 5 Abs. 781.

20923—The Cleveland Railway Co. v..Matthew A. MacGilfrey. Cuyahoga. Settled and dismissed at costs of plaintiff in ·error. Dock. 6 Abs. 61.

20934—Ed C. Helle v. Public Utilities Commission. Order reversed. Dock. 6 Abs. 93.

20953—The Lake Shore Electric Railway Co. v. Public Utilities Commission. Order reversed. Dock. 6 Abs. 125.

### MOTION DOCKET.

21007—Cleveland Railway Co. v. J. W. Huntington. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Allowed. Dock. 6 Abs. 189.

21023—James B. Clow & Sons v. The T. E. McShaffrey Construction Co. Motion for an order directing the Court of Appeals of Summit county to certify its record. Overruled. Dock. 6 Abs. 205.

21025—The Fidelity & Casualty Co. of New York v. The Union Savings Bank et al. Motion for an order directing the Court of Appeals of Jefferson county to certify its record. Allowed. Dock. 6 Abs. 20,.

21026—Walter Klug v. the State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Cuyahoga county. Overruled. Dock. 6 Abs. 205.

21027—Frank S. Monnett et al. v. Robert J. Swingley et al. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Overruled. Dock. 6 Abs. 221.

21060—Roy Freeman v. State of Ohio. Motion for leave to file, petition in error to the Court of Appeals of Montgomery county. Allowed. Dock. 6 Abs. 237.

21051—Anna V. Langel v. Eugene Moore, assignee. Motion for an order directing the Court of Appeals of Licking county to certify its record. Allowed. Dock. 6 Abs. 221.

---

(Continued from Page 268)

2. In prosecution, before justice of peace, for selling liquor, statements by defendant to attorney who was police prosecutor, made after defendant was informed that attorney was prosecuting case and could not represent defendant, and not made for purpose of employing prosecutor as defendant's attorney, were not inadmissible as confidential 'communication between attorney and client.

3. In prosecution, before justice of peace, for selling liquor, inferences from record, showing defendant's premises were on certain street, and that justice court was held in particular county, was sufficient to show venue of offence in county of trial, though there was no direct testimony that defendant's premises were in county of trial.

(Sullivan, PJ., concurs. Levine, J., dissents.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

BARRY v. CITY OF CLEVELAND et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

637. INITIATIVE AND REFERENDUM—797. Municipal Corporations.

1. Clerk, in examining referendum petition, acts for those desiring referendum as well as for those opposing. Failure to discover fictitious names is his failure and not that of petitioners or their committee.

2. Where clerk fails to discover irregularities, petitioner will be given reasonable time in which to amend petition.

3. Certification, by clerk, that original petition insufficient, not condition precedent to filing additional petition.

Thompson, Hine & Flory, Cleveland, for Barry.

Wm. B. Woods, Dir. of Law, and John D. Marshall, Cleveland, for City of Cleveland.

BY THE COURT.

1. Clerk, in examining referendum petition, as required by city charter, to determine its sufficiency, acts for those desiring referendum as well as for those who oppose it, and failure to discover fictitious names, or names of persons not qualified, is his failure, and not that of petitioners or their committee.

2. Where clerk neglected to discover irregularities in referendum petition and failed to notify petitioners thereof, limitation in charter for filing additional petitions will be disregarded, and petitioners will be given a reasonable time in which to amend original petition, and what would be a reasonable time varies under facts of each case.

3. Certification by clerk that original referendum petition is insufficient is not a condition precedent to filing of additional petitions, and failure to so certify does not render subsequent filing of additional petitions illegal.

(Allread, J., of the 2nd Dist., and Sayre and Middleton, JJ., of the 4th Dist., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

SYLLABI
Ohio Supreme Court

BANK OF ITALY v. COLLA et.

Ohio Supreme Court.

No. 20806. Decided April 18, 1928.

126. BANKS AND BANKING.

Bank which discounts draft with bill of lading attached, not liable for seller's breach of contract as to quality of goods purchased.

Error to Mahoning Appeals.

Judgment reversed.

ALLEN, J.

A bank which has discounted in due course a draft made by a seller of goods with bill of lading attached is not liable for breach of contract on the part of the seller respecting the quality of the goods purchased.

(Kinkade, Robinson, Jones and Matthias, JJ., concur.)

---

HELLE v. P. U. C.

LAKE SHORE ELECT. RY. CO. v. P. U. C.

Ohio Supreme Court.

Nos. 20934 and 20953. Decided April 18, 1928.

973. PUBLIC UTILITIES COMMISSION—941. Practice and Procedure—Nunc pro tunc entires—480. Evidence —Required.

1. Not a judicial tribunal but has power to make nunc pro tunc in proceedings before it.

2. Nunc pro tunc order presupposes an order actually rendered but not entered upon the record

3. Power to enter can be exercised only to supply omissions of clerical functions.

4. Application for order, not grounded upon matters within its personal judgment, must be confined to records of courts minutes, at the time, or oral testimony of witnesses having personal knowledge of the court's or tribunal's action.

Error to P. U. C.
Order reversed.

MARSHALL, CJ.

1. While the public utilities commission of Ohio is not a judicial tribunal, it nevertheless exercises quasi-judicial functions and has continuing power over its records and authority to make them speak the truth and in any proceeding before the commission where an order has been made but the same has not been entered on the record in consequence of inadvertence or omission on the part of the commission or any ministerial officer thereof, the commission has power to direct that its order be entered nunc pro tunc upon satisfactory proof of the fact of its rendition.

2. An order or judgment nunc pro tunc presupposes an order or judgment actually rendered at the proper time but not entered upon the journal or other record of a court or other tribunal.

3. The power to enter a nunc pro tunc order is restricted to placing upon the record evidence of judicial action which has been

actually taken, and can be exercised only to supply omissions in the exercise of functions that are clerical merely.

4. An application for an order nunc pro tunc, when not grounded upon matters within the personal knowledge of the court or tribunal, can only be supported by evidence of action taken by the court or tribunal at a former period and such evidence must be confined to records or minutes of the court's action at the time, or to oral testimony of witnesses having personal knowledge of such action taken by such court or tribunal.

(Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

---

## CLEVE. WIND. GLASS CO. v. NAT. SURETY CO.

Ohio Supreme Court.

No. 20664. Decided April 18, 1928.

625. INDEMNITY BONDS—Rules of Construction—Ambiguity.

1. Construction of to be reasonable, to carry out expressed intention of parties.

2. One not a party thereto nor designated therein, should not be a beneficiary, unless it clearly appears, from terms, to be so intended.

3. If terms are ambiguous, and susceptible of two interpretations, the one which affords greater indemnity should be adopted.

Error to Cuyahoga Appeals.

Judgment affirmed.

MATTHIAS, J.

A bond of indemnity should receive a reasonable construction in order to carry out the intention of the parties as expressed by the language used. Such bond cannot be held to inure to the benefit of one not a party thereto nor designated therein unless it clearly appears from its terms that it was intended that such party should be the beneficiary thereof, or the terms employed therein are ambiguous and susceptible of two interpretations which seem equally fair, in which event that interpretation should be adopted which affords the greater indemnity.

(Kinkade, Robinson and Jones, JJ., concur. Day, J., not participating.)

---

## STATE, etc. ex Bredwell et v.

## Hershner et.

Ohio Supreme Court.

No. 20665. Decided April 18, 1928.

291. CONSTITUTIONAL LAW.

Sect. 1465-74 GC. (103 OL. 82) imposing penalty upon non complying employer is unconstitutional and void. Third proposition of syllabus of DeWitt v. State, 108 OS. 513 disapproved.

158. EMPLOYER'S LIABILITY—1002. Receivers.

Irrespective of 1465-74 GC., dependants have right to present award to receiver and, if refused allowance, can, by leave of court, procure adjudication on validity. Afterwards, on question of priority, may be heard upon distribution of assets.

Error to Butler Appeals.

Judgment reversed and cause remanded.

JONES, J.

1. The clause contained in Section 1465-74, General Code (103 O. L. 82, Sec. 27), imposing a 50% penalty on an employer in addition to the statutory award, is unconstitutional and void. On that feature the third proposition of the syllabus in DeWitt v. State, ex rel, 108 Ohio St., 513, is disapproved.

2. An award was made against a non-complying employer by the Industrial Commission in favor of dependents. This was presented to the receiver in custody of the employer's assets and payment from the assets in his possession refused. Thereafter, intervening in the same court appointing the receiver, the dependents brought suit against both employer and receiver, basing their claim on said award and its disallowance by the receiver. No service was made upon the employer nor did he enter an appearance therein.

HELD: That, irrespective of Section 1465-74, General Code, the dependents had a right to present their award to the receiver; and if refused allowance they could, by leave of the court appointing him, procure an adjudication on its validity. Afterwards, on questions of priority, they could be heard upon the distribution of the assets of the employer among the various claimants thereto.

(Marshall, CJ., Day, Kinkade, Robinson and Matthias, JJ., concur. Allen, J., concurs in proposition 2 of the syllabus and in the judgment.)

reached the conclusion that the verdict is excessive. If the defendant in error will remit the sum of One Thousand Dollars, the verdict and judgment, as so modified, will be affirmed. Otherwise, the judgment and verdict will be reversed, upon the ground that the same are excessive.

(Ferneding, Kunkle and Allread, JJ., concur.)