### WATT v FEUERLICHT

Ohio Appeals, 2nd Dist, Franklin Co

No 3367. Decided Oct 10, 1941

510

John Matthews, Columbus, George
Frater, Columbus, for plaintiff-appel-
lee.

Alex S. Dombey, Columbus, R. E.
Leasure, Columbus, for defendant-ap-
pellant.

## OPINION

By BARNES, J.

The above-entitled cause is now be-
ing determined as an error proceeding
by reason of defendant's appeal on
questions of law from a judgment of
the Court of Common Pleas of Frank-
lin County, Ohio.

The above action was one for per-
sonal injuries allegedly sustained by
plaintiff in a collision between two au-
tomobiles at the intersection of Fifth
Avenue and Taylor Avenue within the
city limits of Columbus, Ohio.

Plaintiff was a passenger in an au-
tomobile owned and operated by Glenn
Baker.

East Fifth Avenue and Taylor Ave-
nue are duly dedicated intersecting
streets within the city of Columbus;
said East Fifth Avenue running in a
general easterly and westerly direction
and Taylor Avenue running in a gen-
eral northerly and southerly direc-
tion. On the 16th of July, 1940, about
the hour of 11:15 P. M. the plaintiff
while riding as a passenger in a Ply-
mouth automobile belonging to Glenn
C. Baker. which was traveling in an
easterly direction on said Fifth Avenue,
collided with the Buick automobile
owned and driven by the defendant,
Morris Feuerlicht, in a northerly direc-
tion on Taylor Avenue. The evidence
as to just how the collision occurred is
in marked conflict. This will be referred
to more in detail in discussing the
weight of the evidence.

In the trial of the case a verdict was
returned for the plaintiff in the sum of
$3000.00. Motion for new trial was duly
filed and overruled and judgment en-
tered on the verdict.

Within proper time defendant filed
notice of appeal on questions of law,
thus lodging the case in our Court.

The assignments of error are set out
in 7 separately numbered and stated

specifications. We will consider these several assignments in the same order, although counsel for appellant has not so done. We would like to refer counsel to our Rule VII under the heading, "Suggestions as to Briefs". If counsel would observe the suggestions we would appreciate it and it would be very helpful in the consideration of claimed errors.

We take it that counsel are interested in presenting their case in the most helpful manner. Under Rule 7 above referred to we have endeavored to advise counsel as to what will be the most helpful to us.

Assignment of error No. 1 reads as follows:

"That the court erred in overruling the motions of the defendant-appellant for a directed verdict in his favor made at the conclusion of plaintiff-appellee's case and renewed at the conclusion of defendant-appellant's case."

The record discloses that defendant failed to renew his motion for a directed verdict at the close of all the testimony, which would be a procedural requirement.

However, defendant-appellant has saved his record through making a motion for judgment notwithstanding the verdict. The determination of this assignment requires a consideration of the entire record and will be later considered in connection with the weight of the evidence.

Assignment of errors No. 2 reads as follows:

"That the court erred in refusing to submit to the jury the defendant-appellant's interrogatory on the question of agency."

The interrogatory submitted by counsel immediately preceding the charge of the court reads as follows:

"INTERROGATORY.

"The defendant requests that in the event a verdict is returned in favor of the plaintiff the following interrogatory be answered by nine or more of the jurors concurring in said verdict; 'Was the plaintiff at the time of the accident being transported by Glenn C. Baker, the driver of the automobile, at her request and for her benefit?'"

The trial court properly refused to submit this interrogatory to the jury for the reason that under ██ the pleadings and the evidence such interrogatory would lend no aid in the determination of any issue involved in the case.

The uncontradicted evidence disclosed that on the day in question friends of the plaintiff invited her and Mr. Baker to spend the evening at their home. It is true that Baker had not previously known the hosts of the evening, but nevertheless the invitation was extended to both.

The plaintiff relayed the message to Mr. Baker and he agreed that the invitation be accepted. He acted as the escort for the plaintiff, going to the home of these friends of Mrs. Watt for a common purpose, but not as a joint enterprise.

During the evening they engaged in social conversation and later played cards. About eleven o'clock they started home, Mr. Baker operating his privately owned car for such purpose. They were proceeding eastwardly on Fifth Avenue in the direction of the plaintiff's home when the accident happened. We find no error under this assignment.

Assignment of error No. 3 reads as follows:

"That the court erred in overruling the defendant-appellant's motion to withdraw a juror and continue the case."

This motion was made at the close of all the testimony and before argument. It was based on defendant's claim that there was erroneously injected into the case the fact that defendant had insurance coverage. This claimed error has no merit for the reason that the defendant himself, while being cross-examined by counsel for

the plaintiff, volunteered the information relative to insurance. It appears that on the day following the accident Mr. Seymour of the law firm of Vorys, Sater, Seymour & Pease, contacted the defendant and interrogated him as to how the accident happened. Mr. Seymour wrote the statement in longhand and thereafter requested defendant to sign same, but the request was refused. At this same time defendant asked for a copy and Mr. Seymour complied with the request.

During the cross-examination of the defendant inquiry was made concerning this copy as follows:

"Q. What did you do with the copy which Mr Seymour gave you?
A. I took it out to Mr. Baum's office.
Q. Who is Mr. Baum?
A. My insurance man where I reported the accident."

Thereupon counsel for defendant moved to strike out the answer and the jury were instructed to disregard it. The motion was sustained by the trial court.

The record presents no error under this assignment. **Wheaton, Admr. v Conkle, 57 Oh Ap 373; Hall v Gayes, 6 Abs 267.**

Assignment No. 4 reads as follows:

"That the court erred in admitting evidence over the objection of the defendant-appellant and excluding evidence over the objection of the plaintiff-appellee."

Under this assignment several instances are referred to under appellant's brief in which it is argued that the court made erroneous rulings during the presentation of evidence.

The first complained of refers to the cross-examination of the witness Baker. Inquiry was made of Mr. Baker if he was familiar with the rule that gives the motorists approaching from the right the right of way. The trial court correctly sustained an objection to this question. In effect counsel was asking the witness if he knew the law.

It could make no difference whether he did or did not for the reason that he would be charged with knowing the law. The rights, duties and obligations of Mr. Baker were not modified by his actual knowledge of this rule.

The next complaint refers to a question asked the defendant in cross-examination and admitted in evidence over the objection of defendant's counsel. The question was asked of the defendant if he knew that the intersection was dangerous. It is argued that this was requiring the witness to express an opinion on an ultimate issue of fact. We are unable to find that the the record presents any issue of fact relating to the dangerous condition of the intersection. The defendant's answer to the inquiry was "Yes", but no facts were presented in the record through which any additional obligations would be imposed upon the defendant in the operation of his automobile.

All intersections are dangerous unless the legal rules are observed. The Court could very properly have excluded this evidence, but its admission was not prejudicially erroneous.

The third assignment under the presentation of evidence refers to an inquiry that was made of the defendant in cross-examination as to whether or not he had previously entered a plea of guilty to a conspiracy in violating the national prohibition act. His answer was that he had. Objection was interposed to this inquiry and overruled by the trial court. However, the Court immediately instructed the jury that this evidence was not substantive in character, but was merely admissible for the purpose of bearing on the question of credibility. This evidence was clearly admissible.

The next objection refers to the cross-examination of defendant, wherein inquiry was made as to who Mr. Baum was, and the answer given that he was his insurance agent.

It is argued that counsel for plaintiff knew Mr. Baum and that he was engaged in the insurance business and that therefore the inquiry was not made in good faith.

The record fails to disclose any state of facts under which it could be either directly or inferentially determined that the inquiry was not made in good faith. In addition counsel for plaintiff in their brief point out that the question asked did not demand or suggest the answer that was given, and that the answer of defendant came to them as a surprise. We find no error under assignment No. 4.

Assignment No. 5 reads as follows:

"The Court erred in excluding from the jury defendant-appellant's special instructions requested before argument."

This ground of error is very quickly disposed of by calling attention to the fact that the record discloses that the trial court gave each and all special instructions requested by both plaintiff and defendant.

The 6th assignment of error reads as follows:

"The court erred by way of omission and commission in its general charge to the jury."

Under this specification complaint was made that the Court erred in charging on §6310-22 GC. This section reads as follows:

"Section 6310-22. SIGNALS TO BE MADE.—Drivers of vehicles before turning, stopping or changing their course shall make sure such movement can be made in safety and shall cause signals to be made of their intention in a way visible outside the vehicle."

The trial court did not read the above statute to the jury, but did give its substance. Appellant's counsel argued, first, that as a matter of law §6310-22 has no application to an intersection accident where the parties are approaching from opposite directions. And, second, that it is demonstrated from plaintiff's testimony that the alleged stopping of the car did not in any way directly contribute to the accident. In support of the principle of law reference is made to the case of **Central Transfer & Storage Company v Frost, 20 Abs 592**, decided by our Court in 1935. The opinion was written by the author of this opinion. In the reported case we used the following language:

"Primarily, this provision of the Code prohibiting stopping without warning is for the protection of traffic following the rear although under varying circumstances it may be given application to other situations."

From the quoted language it at once appears that our pronouncement does not go to the extent claimed by appellant. The case at bar presents an instance of varying circumstances under which the Code provision may be given application. The trial court did not charge the jury that a violation of §6310-22 GC, was negligence per se, apparent upon the theory that the language of the section as applicable to the instant case did not make provision for specific requirements.

It might be stated at this time that while plaintiff's petition contained seven separately numbered and stated specifications of negligence, the court withdrew from the jury all such specifications except No. 4, which specification reads as follows:

"4. The defendant, while making said left turn, stopped his automobile in such manner as to block and barricade the south half of East Fifth Avenue."

It will be observed that the specification does not incorporate the following provisions of §6310-22 GC, "and shall cause signals to be made of their intention in a way visible outside of the vehicle."

The Court did very fully instruct the jury that the pleadings and evidence

514

presented an issue as to whether or not the defendant in stopping his car when he did was in the exercise of due care. Counsel complains that in charging common law negligence instead of negligence per se, appellant was prejudiced. We are unable to agree with this argument. Under common law negligence it is not only necessary for the jury to determine the acts committed or omitted, but thereafter must also determine whether or not such acts of omission or commission were negligent in character.

Where conduct is negligence per se it is only necessary to prove the acts of omission or commission. When this is presented the law says the conduct is negligent per se.

The case of **Sinco v Miller, 133 Oh St 345,** is readily distinguishable from the instant case. In the reported case the defendant was complaining that the Court had failed to correctly charge on the issue of contributory negligence. It is at once apparent that the defendant was entitled to have per se negligence defined to the jury where there was evidence of plaintiff's having violated a statutory requirement. This the trial court did not do, but merely charged on ordinary care or common law negligence. Gorman, J., in rendering the opinion points out that this would be prejudicial to the defendant in that conduct which the Legislature had declared to be negligence per se might not be so determined if the jury was left to its own theory as to what constituted ordinary care.

In the instant case the defendant could not be prejudiced by any relaxation of the rule permitting the jury to determine whether or not there was ordinary care even though the statute would provide that such conduct would be negligence per se. It was the ruling of the trial court that the portion of §6310-22 GC, requiring drivers before turning, stopping or changing their course to make sure such movement could be made in safety, was not a definite statutory requirement, but that the words "can be made in safety"

simply invoked the principle of ordinary care.

There can be no question that the Court's charge as given was most favorable to the defendant, and even if erroneous appellant would not be prejudiced thereby.

Counsel for appellant also argue that the Court erred in charging on the right of way statute on the allegations of the defendant's answer. The record does not support appellant's claim that the trial court placed the burden of proof on the question of right of way on the defendant. We have very carefully read the charge of the Court in its entirety and nowhere therein does the Court so place the burden of proof. It probably is the claim of appellant that the inference arises by reason of the Court having made reference to the averments in the answer relative to right of way immediately before he defined at great length as to what was meant by this term. We are unable to conclude that a necessary inference arises placing the burden of proof on the defendant on the question of right of way.

In the case of **Hunter v Brundy, 131 Oh St 443,** the Supreme Court made the following observation:

"An instruction is not erroneous simply because it employs a phrase 'if you find', but omits reference to the required degree of proof."

Also see **Mackranezy v Gelfand, Admr., 109 Oh St 325;** also **Sinco v Miller, 133 Oh St 345, 349.**

In the case of Hunter v Brundy, supra, Weygandt, CJ., in delivering the opinion, made this pertinent observation:

"Of course in the exercise of an abundance of caution it might be well in each instance to insert phraseology relating to the necessary degree of proof, but this is far from suggesting that the omission so to do is either prejudicial or erroneous."

If counsel for appellant felt that the language needed elucidating it was his duty to so request the Court. We agree that the Court might more appropriately have charged on the question of right of way without in any manner connecting it with the averments of defendant's answer. It is our conclusion that these averments in the answer did not constitute an affirmative defense. but all evidence relative thereto would have been admissible under a general denial. The trial court before argument upon the request of defendant gave three special instructions, all of which related to the question of right of way. In these requests no reference was made to the burden of proof. In the court's general charge following the argument the court charged very fully on this question without in any way modifying or changing the principles announced under the special request.

Under the pleadings and the evidence the question of right of way was clearly involved and it was the ██ unquestioned duty of the court to charge thereon. It was plaintiff's theory that defendant lost his right of way by reason that he did not proceed in a lawful manner in the direction in which he was moving. It was the defendant's theory that he was crossing Fifth Avenue in a lawful manner and thereby had the right of way which meant the right to proceed uninterruptedly across the street. There is no question that defendant approached the intersection from the right of the car in which the plaintiff was riding and thereby ██ did have the right of way provided he proceeded in a lawful manner. The trial court correctly charged that this right was absolute and could only be lost by the defendant if it was shown that he was crossing in an unlawful manner. We are inclined to the view ██ that the court was in error in withdrawing from the consideration of the jury specification No. 6, which reads as follows:

"6. Defendant was making said left turn in such manner as to cut the corner at the southwest corner of said intersection and failed to pass beyond the center of said intersection before turning."

There was evidence in the record supporting the claim that defendant was over on the left half of Taylor Avenue in the intersection preparatory to making his lefthand turn. We are referred to **O. Jur., Vol. 4, p. 692, §19,** which reads as follows:

"A right of way does not include an exclusive right to the whole of the road. It includes in its most generous recognition the right to pass unobstructedly and unretardedly along the proper side of the highway."

Of course this action of the Court in ruling out all specifications of error but No. 4 could not be prejudicial to the defendant.

**Sec. 6310-24 GC** prescribes the rule as to left turns. This section reads as follows:

"**Sec. 6310-24. LEFT TURNS; HOW MADE.**—A vehicle turning to the left into an intersection, road or highway, shall pass to the right of the center line of the road or highway upon which the vehicle has been traveling where such highway enters the intersection; and when leaving the intersection shall pass to the right of the center line of the highway being entered."

We find no prejudicial error in the charge of the court.

Assignment No. 7 reads as follows:

"That the verdict was based on passion and prejudice and was manifestly against the weight of the evidence."

This assignment presents the most serious question. The writer of this opinion is frank to say that had he been trying the case with the jury waived he would not have found that the plaintiff proved her right to re-

516

cover by a preponderance of the evidence. In so holding I would not be able to say that there was no evidence supporting the plaintiff's action, but I would have drawn conclusions as to the probabilities. In this observation I am not committing my associates to this personal view.

The mere fact that a reviewing court differs from the verdict of the jury is not sufficient to reverse a case on the weight of the evidence. The verdict must be so manifestly against the weight as to shock the conscience to permit it to stand. While very close, we would not feel warranted in molesting the verdict. Another factor which always has great weight is that the trial court who heard the case in its entirety, saw and heard all witnesses, is better able to determine the weight to be given to the factual questions than can a reviewing court from the cold type.

With some reluctance we will not reverse on the weight of the evidence.

Finding no prejudicial error the judgment of the trial court will be affirmed and costs in this court adjudged against the appellant.

The case will be remanded for further proceedings according to law. Entry may be drawn accordingly.

GEIGER, PJ. & HORNBECK, J., concur.