## FREY v E C BUCHSEIB, INC

Ohio Appeals, 2nd Dist, Franklin Co

No 2661. Decided July 17, 1936

Thomas H. Clark, Columbus, and E. G. Fickell, Columbus, for plaintiff and appellee.

B. B. Bridge, Columbus, and John E. Foster, Columbus, for defendant and appellant.

## OPINION

By HORNBECK, J.

Error is assigned to the judgment of the trial court, assessing damages in behalf of the plaintiff and against the defendant. Three grounds of error are asserted, which we shall discuss under the headings as appearing in plaintiff's brief.

1. **Admission of evidence offered by the plaintiff.**

Under the sub-headings "a" and "b" it is urged that the court erred in accepting the testimony of Ceylon Frey, son of the plaintiff, the exhibition by him of certain portions of the Frey automobile which were involved in the collision between the plaintiff's automobile and the truck of the defendant, a tire, rim and the remains of the hub and spokes of one of the wheels of the Frey car. In conjunction with the admission of the exhibits Mr. Frey was permitted to give his opinion concerning the relation between the marks on the highway and the damaged wheel of the Frey automobile. The witness said that the front wheel and axle were thrown out of line, which would cause a tire to run somewhat sidewise instead of forward. He explained the cut in the road in detail and at page 77 of the record was permitted to state, in substance, that in his opinion, in turning a corner at considerable speed or when attempting to slow up, the wheels left the heavier tracks on the outside of the curve. In connection with this testimony the witness gave the facts upon which

he predicated his opinions. We are satisfied that the evidence does ▮▮▮ not come strictly within the category of expert testimony and in the form in which it was received was competent and admissible.

At page 291 of the record a witness for the defendant was asked on cross examination how many trucks the defendant operated, which question over objection was permitted to be answered to the effect that it operated fifteen or sixteen trucks, all engaged in the same business. We see no prejudice resulting from the admission of this testimony, even if it were not necessary to plaintiff's case. Our attention is directed to the fact that it was incumbent upon the plaintiff to prove that the car of the defendant, with which plaintiff's automobile came into contact, was a commercial vehicle and so employed at the time of the collision. The extent to which the defendant operated such trucks, together with stipulation as to the weight of the truck and of what its load consisted and the weight thereof had some bearing upon this question at issue. It is doubtful if it was incumbent upon the ▮▮▮ plaintiff to adduce the testimony in controversy but we find no prejudicial error in its reception.

Further objection is urged to the permitted cross-examination of the driver of defendant's car as to his knowledge of law on the subject of right of way. We are satisfied that this testimony ▮▮▮ was competent, relevant and admissible as bearing upon the question of due care of defendant's driver, in the operation of the truck at and immediately preceding the collision in the light of his knowledge of the rules to be observed by him.

The second assigned error with its subheadings is directed to the general charge of the court to the jury. Under this claim it is asserted that the court improperly charged on the right-of-way, the assured clear distance ahead statute, §12603, GC, the law of agency as affecting the driver of defendant's truck and as to the effect of the stop sign which had been erected at the west end of the Agler Road bridge by the County Surveyor of Franklin County and under the authority of the Board of County Commissioners of said county. Our attention is directed to the provisions of §6310-28, GC:

" 'Right of way' means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path."

And §6310-28a GC:

"Excepting where otherwise hereinafter provided the operator of a vehicle shall yield the right of way at the intersection of its path and the path of another vehicle to the vehicle approaching from the right."

The court charged certain traffic rules as set forth in the statutes, including those heretofore quoted and it is urged that inasmuch as Agler Road had its terminus as it came into Sunbury Road, there was no intersection at the place where these roads came together and that, therefore, the statutes using the term "intersection" had no application to the facts in the case.

An examination of the pleadings discloses that the traffic rules relating to intersections were not invoked by any specification of negligence asserted by the plaintiff in his petition, but were brought into the case by the charge of contributory negligence against the plaintiff, found in the answer of the defendant and particularly the third specification of negligence therein, namely:

"Plaintiff failed to pass to the right of and beyond the center of the intersection of Sunbury Road and Agler Road before turning onto Sunbury Road."

It further appears that defendant requested the court to submit certain special interrogatories to the jury and require them to be answered, one of which was No. 3:

"Did the plaintiff prior to the collision involved in this lawsuit operate his automobile to the left of the intersection of the center line of Sunbury Road with the center line of Agler Road?"

which interrogatory was answered in the negative.

The defendant having promulgated the issue requiring a consideration of the statute relating to traffic requirements and intersections, ▮▮▮ both by its answer and by interrogatory, can not now be heard to urge that the court erred in charging those sections which it brought into the case. Although it is not necessary to so determine

626

because of the estoppel which must be applied against the defendant, we are of opinion that there would be an intersection of the path of the plaintiff's au'omo'ile when it went into Agler Road and the path of the defendant's automobile as it moved to the south and on the west side of Sunbury Road and that the statutes which the court charged did have application to the peculiar facts in this case.

We are cited to the case of Buckley v White, 137 Md., 124, which confirms our opinion, as do also the cited cases in 44 Cal. App., 440; 141 Md. 293; 223 Mich. 181.

The court charged that portion of §12603 GC which provides,

"No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead,"

and it is claimed that this provision has no application to the driver of a commercial truck.

Sec 7249, GC, relating to the operation of a commercial car with respect to speed, maximum weight and speed upon highways, streets, etc., has no subject matter similar to that part of §12603 GC which we have quoted. Likewise, §12603, GC, in its original form, 99 O.L., 541, nor in any of the subsequent amendments thereto, up to 113 O.L., 283, carried none of the quoted part of the section. The amendment is of general application and enacted after §7249, GC, in its present form. That part of §12603 GC which relates solely to speed can have no application to commercial trucks because the speed at which they shall be operated is set forth in §7249, GC, and therefore controlled thereby, but there is nothing in §7249 GC which directly or indirectly discloses any purpose to legislate on the quoted part of §12603 GC or to except commercial trucks from the operation thereof. We are of opinion that the "assured clear distance ahead" portion of the statute is of general application and includes the operator of a commercial truck and that the court correctly charged upon it.

We have also further examined the claim that the court erred in the charge touching the responsibility of the defendant for the acts of its agent within the scope of his authority, but upon a consideration of the whole charge we find no prejudice to

the defendant therein. Likewise, we are satisfied that the general charge as to the effect of the stop sign at the end of Agler Road was proper. We find no prejudicial error in the refusal of the court to submit interrogatories Numbers 5 and 6 at the request of the defendant.

This is the second time that this court has reviewed this case. The former reversal was predicated entirely upon errors of law and we were convinced upon the record then presented, as we are now upon the record before us, that the plaintiff was entitled to recover a verdict and judgment in this cause. An inspection of this record in the light of the objections directed to the proceedings and judgment is convincing that the defendant had a fair trial and that the .issues presented upon the pleadings were given to the jury without any prejudicial error resulting to the defendant.

The judgment will, therefore, be affirmed.

BARNES, PJ, and BODEY, J, concur.