**KELLER, ESTATE OF, In Re**

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17797. Decided Nov. 18, 1940

 

As stated in appellant's brief, the question for determination is whether constructive notice by insertions in the Daily Legal News is sufficient to comply with the requirements of the statute.

The only section of the General Code involved in this litigation is §10509-59 GC. It must be assumed that the provisions in said section with reference to notice received the same through legislative attention as did the other provisions in the section.

H. F. Glick, Cleveland, for appellant.
M. Q. Critchfield, Cleveland, for appellee.

The section provides in the first instance that notice of the filing of an inventory and hearing thereon shall be "by registered mail, or otherwise."

In the same section the notice required to be given of the filing of exceptions to the inventory shall be "by registered mail or by personal service".

## OPINION

By LIEGHLEY, J.

A motion to vacate an order approving an inventory filed in the above estate in the Probate Court was filed by the appellant, which motion was overruled and an appeal perfected therefrom to this Court for review.

The inventory was filed in the said estate on March 3, 1939. Notice of the filing thereof was published by two weekly insertions in the Daily Legal News and the date for hearing thereon in said notice set for April 5, 1939. No exceptions thereto were filed and the inventory was approved by the Court on said 5th day of April, 1939. The Court also found that all parties having interest in the estate have been duly notified of the filing of the inventory and appraisal as required by law by publication in a newspaper.

Subsequently said motion to vacate the approval thereof was filed on the ground that the exceptor had not been served with notice and the further ground that the values placed on the inventoried property were erroneous. Upon hearing had on this, motion was overruled.

It must be assumed and concluded that if it was intended that notice of the filing of the inventory should be by personal service, the language of the section would so specify. The fact that such strict requirement is omitted warrants the conclusion that it was intended that notice of the filing of the inventory and hearing thereon should be by registered mail or by such reasonable notice as the Probate Judge should conclude to be sufficient in the exercise of a sound discretion conferred by the language used in the Act.

It is our conclusion that the notice given in the instant case in a newspaper as ordered and the approval thereof by the Court constitutes a full compliance with the requirements of the statute and the judgment is therefore affirmed.

MORGAN, J., concurs.

TERRELL, PJ., dissents for the reason that notice by publication only was given and this is not provided for by statute, hence it is no notice without proof of actual notice.