### DYE v SPOHN et

Ohio Appeals, 2nd Dist, Franklin Co

No 3303. Decided April 17, 1941

124

Vorys, Sater, Seymour & Pease, Columbus, for plaintiff.

J. N. Harter, Columbus, for Connecticut Fire Insurance Co.

Phil S. Bradford, Columbus, for defendant, Walter H. Spohn.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment in favor of the defendant-appellee, Walter H. Spohn. The action was for damages to an automobile, the loss of its use, and for personal injuries resulting from a collision between a Buick sedan driven by plaintiff and a Graham sedan driven by defendant Spohn.

On October 31, 1940, at about 8:30 A. M., plaintiff was driving from Urbana to Columbus on U. S. Route 40. Defendant at the same time was driving westwardly on said highway. When the defendant reached a road which intersects Route 40 from the south at a place about four miles east of West Jefferson and as he was turning into this southerly highway, his automobile and plaintiff's automobile collided resulting in substantial damage to both cars and some personal injuries to the occupants of both cars. The defendant insurance company is brought into the case by reason of having paid $400.00 to plaintiff Dye on an insurance policy which he held with said company, it having been subrogated to Dye's rights. There is no question as to the rights of the insurance company and hereinafter when we refer to the defendant it will have application to Spohn only.

Plaintiff in his petition set up seven specifications of negligence. Defendant answered, denying any negligence on his part, and cross-petitioned, asserting four specifications of negligence against plaintiff, the second of which was that plaintiff failed to operate his said automobile at a speed which would permit him to bring it to a stop within the assured clear distance ahead. Plaintiff moved, among other things, to strike the entire second specification of negligence, which was overruled, and thereafter plaintiff answered the cross-petition with a general denial.

There are thirteen errors assigned. We have considered all of them but discuss only those upon which the judgment of this Court must rest.

The only question of substance touching the charge as relates to defendant's negligence is No. 7 wherein it is urged that the Court erred in stating to the jury that §6310-22 GC, requiring the defendant "before turning, stopping or changing his course ▅▅▅▅▅▅▅ to make sure such movement can be made in

safety" was but a course of conduct statute. The charge was strictly in accord with **Scott v Products Corporation, 131 Oh St 225, 2 N. E. (2d) 603.**

The violation of the assured clear distance ahead provision of §12603 GC has been consistently held ▅▅▅▅▅▅ to be negligence per se. **Skinner v Railway, 127 Oh St 69,** and later cases. The pertinent language of §12603 GC, is that,

"No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the **assured** clear distance ahead."

The pertinent language of §6310-22 GC, is that,

"Drivers of vehicles before turning," etc., "shall make **sure** such movement can be made in safety."

"Assured", according to Webster, means "made sure". Query, whether or not there is any essential difference in the obligation enjoined upon a motorist to make sure that he can change his course in safety than there is to make sure of the clear distance ahead.

The trial judge properly charged the jury as to the effect of the violation of §6310-22 GC.

The error to which the most attention of the briefs of counsel is directed is that the court erred in the general charge in defining the application of the "assured clear distance ahead" part of §12603 GC, to the conduct of the plaintiff, particularly in the illustrations employed and in stressing certain parts of the charge respecting a violation of the section. It is necessary to an appreciation of the question presented to set forth the respective claims of the parties as appearing from the evidence.

It is the obligation of the trial judge to charge the jury upon the respective theories of the parties, so that the jury, in so far as it accepts the ▆▆▆▆ ▆ facts as claimed by either party, may know the law to apply to those facts. **39 O. Jur. 923. Jur. 923.**

The plaintiff's evidence, if true, discloses that he was moving eastwardly toward the intersecting road where the accident occurred, on his right side of the road at a rate of speed not over 40 miles an hour; that although there had been a fog along the way from the time he left his home in Urbana until he had passed through West Jefferson, when he came up the hill of Big Darby the fog had lifted and there was then none and that his vision was clear and unobstructed for a mile ahead; (defendant admits that visibility was better to the east than to the west); that plaintiff could see the defendant as he approached on the north side of the highway and observed him when a quarter of a mile away; that as he approached the intersecting road, and when within 30 feet of the intersection the defendant suddenly turned immediately in front of plaintiff's car; that he applied his brakes but it was impossible under the circumstances to bring his car to a stop in time to avoid the collision.

On the other hand, the defendant claimed that at all times it was so foggy that it was difficult to see any considerable distance ahead, although he admitted that he could see 100 feet or more; that the plaintiff emerged from the fog at a high and dangerous rate of speed at 50 miles or more per hour and that he did not stop within the assured clear distance ahead.

The trial judge, after defining the obligation of ordinary care as applied to the defendant, and his obligation to observe §6310-22 **GC**, said:

"Now, in that connection there is evidence that the visibility was bad, it was foggy. Under those circumstances a person desiring to make a turn has

a right to assume that people approaching who might interfere with his turning into the side road, would be operating their cars in a lawful manner, in other words, that they would not be driving at such a speed that they could not bring their cars to a stop within the assured clear distance ahead; and if, as an illustration, we will say that the visibility was only 100 feet, you could see only say 100 feet there, then he had a right to assume anybody approaching from the opposite direction would not be operating faster or at a speed greater than would permit them to bring their car to a stop in that 100 feet, so that any one coming out of the fog and seeing this car in their path would have 100 feet within which to stop."

This part of the charge had application to the issues joined on plaintiff's case against the defendant.

Upon the question of the contributory negligence of the plaintiff the court said that,

"He may be precluded from recovery by reason of his own contributory negligence if he violated the law, that is, if he operated his own automobile at a speed that was greater than reasonable or proper, and at a speed greater than would permit him to stop it within the assured clear distance ahead," etc.

Later, in that portion of the charge relating to the negligence of the plaintiff as set up in the cross-petition the Court again said:

"Now, you will recall that there is some evidence here about fog, and that is one of the conditions that must be considered in determining what would be a speed that was reasonable and proper, and if you find from the evidence and from all the circumstances that the speed of plaintiff's automobile, no matter whether it is 10 miles an hour or 90 miles an hour, was greater than was reasonable and proper un-

der the existing circumstances and was a speed that was greater than would permit him, the plaintiff, to bring it to a stop within the assured clear distance ahead—and the assured clear distance ahead is that distance which the driver can see and know is clear,—now if he was operating his automobile at a speed greater than reasonable and proper and greater than would permit him to stop it within the assured clear distance ahead, then he was negligent, because he was violating the law."

At the conclusion of the charge and after a conference between the Judge and counsel for plaintiff the court further charged,

"I might say that a person operating an automobile when he is confronted with a sudden emergency is not required to do everything humanly possible to avoid an accident; all that he is required to do is to exercise ordinary care; that is, such care as the ordinary, prudent person would have exercised under the same or similar circumstances, and if subsequent events show that some other course would have avoided the accident, that does not preclude the person confronted with the emergency from recovering or does not make him liable for damages because he did'nt follow the best course, if, as I say, he exercised ordinary care under the existing circumstances."

The Court then inquired if there was anything further and no further suggestions were made. The Court assumed that at the time and place of the collision there was a fog. This was the claim of the defendant only.

It is our judgment that under the respective theories of the parties the rights of the plaintiff were not ▮▮▮▮▮▮ properly presented; although the ·charge, with slight modification would be correct and appropriate upon the defendant's version of the occurrences. The only reference to the law applicable to the situation as plaintiff insisted it existed at the time of the collision was in that part of the charge relating to emergency, which though correct was not complete. The course of conduct enjoined upon the plaintiff, in operating his car, if he was driving through a fog at the time of the collision as claimed by the defendant, was entirely different than if he was driving with a clear and unobstructed vision ahead.

This is an intersecting highawy case. Although the road to the south of Route 40 did not cross ▮▮▮▮▮▮ that thoroughfare, they were in practical effect intersecting highways. 42 C. J. 96.

Plaintiff's oncoming automobile was to the right of defendant's automobile when he had turned preparatory to moving across Route 40 and onto the intersecting road to the south, if defendant observed §6310-24 **GC**, and §6310-25 **GC**, as he is chargeable with doing. Thus the plaintiff's automobile had the right of way, that ▮▮▮▮▮▮ is to say, the right to proceed uninterruptedly in a lawful manner in the direction in which it was moving in preference to another vehicle approaching from a different direction into its path, §6310-28 **GC**, and defendant's automobile was required to yield the right of way to the plaintiff's automobile because their paths intersected, §6310-28(a). This right of the plaintiff to proceed was qualified only by his obligation to do so in a lawful manner. **Morris v Bloomgren, 127 Oh St 147.**

The automobiles involved in the accident in this case reached the intersection at or about the same time. The place of collision and the fact that the principal damage to the defendant's car was in the front thereof establishes that the impact occurred on the south side or upon plaintiff's right side of highway No. 40. What then, in view of the law of Morris v Bloomgren, shall we say respecting the application of the "Assured Clear Distance Ahead" part of §12603 **GC**?

When the opinion was written in Morris v Bloomgren, §12603 GC was the same in all particulars as now. Judge Jones mentioned §12603 GC, and observed that its violation as to speed would take away the right of way to an automobile which otherwise would have it under §6310-28 GC, but no mention was made of the "Assured Clear Distance Ahead" provision.

We held in **Slocumb v Wurst, 25 Abs 477,** an intersection case, that,

. "The assured clear distance ahead statute has no application to a situation where two cars approach an intersection at or about the same time, * * * since to give effect to the statute would negative the right of way statute."

The trial judge had directed a verdict for the defendant in this case. We affirmed the judgment on the verdict. A different interpretation of §12603 GC, might have required a reversal of the judgment. A motion to certify was overruled in the Supreme Court. O. L. R. December 13, 1937.

In the 3rd syllabus of Morris v Bloomgren, it is said that if the vehicle which has the right of way "is not proceeding in a lawful manner in approaching or crossing the intersection, but is proceeding in violation of a law or ordinance, such vehicle loses its preferential status and the relative obligations of the drivers of the converging vehicles are governed by the rules of the common law." This syllabus was prepared in the light of the knowledge of the provisions of §12603 GC, and if the "assured clear distance ahead" provision of §12603 GC, was to be considered in determining whether or not the driver with the right of way was proceeding in violation of law, the court would have said something about it either in the opinion or in the syllabus.

It was the duty, then, of the trial court in presenting the law to the jury upon the facts as testified by the plaintiff to set forth the principles controlling as in the cases heretofore cited.

In Blackford v Kaplan, 135 Oh St 272, a per curiam, it was said that,

"The doctrine of assured clear distance has no application to drivers of automobiles approaching an intersection on different intersecting roads under ordinary circumstances. Surely it would not apply to the defendant with reference to the automobile driven by Hanna, for the defendant had the right of way so long as he proceeded in a lawful manner; but the doctrine would have application to each driver in operating his automobile through the fog. There was evidence that the foggy condition was such that a driver of an automobile could see but a short distance ahead. The situation therefore required each driver to operate his automobile at such a speed that he could stop within the assured clear distance ahead considering the fog."

The latter part of this quotation sets forth the law controlling if the jury accepted the claim of the defendant that there was a fog existent at the time and place of the collision which very materially affected the vision of both drivers.

As a reviewing Court, all the members of which have been trial judges, we are cognizant of the very difficult situation which is presented to the trial judge who is required to charge the law of assured clear distance ahead.

We have examined the recent case of **Smiley v Spring Bed Company, 138 Oh St 82,** to determine if it is controlling of the law of this case and are satisfied that it is not. The situation there presented did not arise at an intersection. When and if facts come to the attention of a trial judge wherein the differentiation must be made between the law of Smiley v Spring Bed Company and **Hangen v Hadfield, 135 Oh St 281,** it will require great erudition to frame the appropriate charge.

The judgment will be reversed and cause remanded.

**GEIGER, PJ. and BARNES, J., concur.**