**GRATZIANO, Plaintiff-Appellant, v GRADY, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4074. Decided March 17, 1948.

Williams, Williams & Reynolds, Gordon Williams of Counsel, Columbus, for plaintiff-appellant.

Stump, Wardlaw & Mitchell, John S. Mitchell of Counsel, Columbus, for defendant-appellee.

## OPINION

By WISEMAN, P.J.

The appeal is from a judgment of the Municipal Court of Columbus, Ohio, in·favor of the defendant on his cross-petition. The cause was submitted on an agreed statement of facts from which it appears that the plaintiff was driving an automobile westwardly on Spruce Street, which street extends in an easterly and westerly direction; that the defendant was driving his automobile southwardly on Harrison Avenue, which intersects with Spruce Street at a right angle but does not cross it, forming what is commonly known as a T intersection. The petition charged negligence of the defendant:

(1) In making a left turn without ascertaining that such movement could be made with reasonable safety to other users of the highway, including the plaintiff.

In making a left-hand turn without giving a signal of his intention so to do.

(3) In failing to have his car under control.

(4) In failing to yield the right of way to the plaintiff.

(5) In failing to make said left turn in·such a manner so as to leave said intersection to the right of the center line of said Spruce Street.

(6) In approaching and entering said intersection at a rate of speed that was greater than was reasonable and proper having due regard for the traffic, surface, and other conditions then existing, to wit, 25 miles per hour.

The defendant answering generally denied the averments of negligence set out in the petition and by way of cross-petition alleged that the plaintiff through his agent was negligent:

(1) In failing to yield the right of way to the defendant.

(2) In failing to have his car under control.

(3) In approaching and entering said intersection at a rate of speed which was greater than was reasonable and proper, having due regard for the traffic, surface, and other conditions then existing, to wit, thirty-five (35) miles an hour.

The cause was submitted on an agreed statement of facts which, after admitting the physical aspects of the junction of the streets involved, states:

"It is further agreed that on May 14, 1946, at about 8:50 A. M., Paul G. Warner was driving the 1940 Plymouth Touring Sedan owned by the plaintiff, west on Spruce Street, that said automobile was being operated as a taxi-cab for hire at said time and place; that said Paul G. Warner entered said intersection of Spruce Street and Harrison Avenue and was proceeding west on Spruce Street; that said defendant, Chester Grady, was driving a 1937 Chevrolet Coach south on Harrison Avenue, approaching said intersection; that the defendant entered said intersection, started to make a left hand turn to go east on Spruce Street, that said automobiles collided in said intersection."

The trial judge found for the defendant and entered this judgment:

"Judgment is rendered for defendant on plaintiff's petition and for defendant on defendant's cross-petition, $200.00 and costs. (Court's decision based upon brief of defendant particularly **Frey v Buchseib, 22 Abs 624,** Court of Appeals of Franklin County, plaintiff failed to yield right of way)."

"Intersection" is defined in §6307-2 GC, as follows:

"The area embraced within the prolongation of the lateral boundary lines of two or more highways which join one another."

It may be conceded that the junction of Spruce Street and Harrison Avenue is an intersection. See **Frey v Buchseib, 22 Abs 624; Dye v Spohn, 34 Abs 123;** Cyclopedia of Automobile Law and Practice by Blashfield, Section 1006; Law of Automobiles by Berry, 7th Ed. Vol. 3, p. 180. But it is claimed that inasmuch as Harrison Avenue came into a dead end at Spruce Street and the defendant was making a left turn, intending to proceed eastwardly into Spruce Street, he no longer had the right of way over the plaintiff, but had lost it because §6307-40 GC defining the right of way at intersections did not control the situation. It is urged that §6307-35(b) and 6307-38 GC, control the obligations and determine the rights of the defendant at the intersection and that they are inconsistent with any right conferred by §6307-40 GC. It will be noted that the agreed statement of facts does not disclose when or where in the intersection the defendant began to make his turn, or where in the intersection the collision occurred, although it is stated that defendant's driver entered the intersection, started to make a left-hand turn to go east on Spruce Street. Sec. 6307-40 GC in part provides:

"**Excepting where otherwise provided** the operator of a vehicle, * * * shall yield the right of way at an intersection to a vehicle, * * * approaching from the right." (Emphasis ours.)

And "right of way" is defined in §6307-2 GC as follows:

"The right of a vehicle, * * * to proceed uninterruptedly **in a lawful manner in the direction in which it * * * is moving** in preference to another vehicle, * * * approaching from a different direction into its * * * path." (Emphasis ours.)

It has been held in **Morris v Bloomgren, 127 Oh St 147,** 187 N. E. 2, that these are cognate sections and must be construed together. The fifth syllabus of this case holds that:

"The driver of a vehicle lawfully approaching from the right has the right to assume that the driver of the vehicle approaching from the left will obey the law by yielding the right of way."

It is further held that these sections confer:

"An absolute right of way upon the vehicle approaching from the right, qualified only by the requirement that, in proceeding uninterruptedly, it must proceed in a lawful manner."

The rule of law laid down in the case of Morris v Bloomgren, supra, must be considered in light of the facts. In that case, the streets crossed at right angles to make a complete intersection. Neither vehicle attempted to make a turn. The Court was not required to give force and effect to the words: "in the direction in which it * * * is moving", as used in §6307-2 GC. However, it is important to observe that the Court in its opinion stated that the right of way was conferred on the motor vehicle approaching from the right when it proceeded "in the direction in which it is moving". A complete statement is found on page 156 as follows:

"* * * **Secs. 6310-28** and **6310-28a GC**, confer an absolute right of way upon the motor vehicle approaching from the right, qualified only by the requirement that, in proceeding uninterruptedly in the **direction in which it is moving**, it must proceed in a lawful manner." (Emphasis ours.)

The preferential right of way given to the vehicle approaching from the right is an absolute right only when the factual situation presented requires the application of this statute. It must be noted that the statute (§6307-40 GC) by its terms does not apply in every situation. It applies when the vehicle on the right proceeds "in a lawful manner" and continues to proceed "in the direction in which it * * * is moving". Sec. 6307-2 GC. It does not apply when the vehicle on the right changes direction.

In the instant case, the agreed statement of facts states "that the defendant entered said intersection, started to make a left-hand turn to go east on Spruce Street, and said automobile collided in said intersection". It cannot be presumed that the defendant proceeded in the direction in which he was moving until he crossed the center line of Spruce Street before making the turn. The law did not require the defendant to continue driving in the direction he was moving until he had passed the center of the intersection before attempting to make a turn. The facts stipulated indicate that the defendant began to make a left turn immediately after entering the intersection. Sec. 6307-35(b) GC defining the obligations of a driver of a vehicle intending to make a left turn at an intersection, provides:

"Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered."

Because of the presumption that a person is presumed to have observed the law we must assume that the defendant as he made the left turn in the intersection, conformed to this provision of the traffic code. However, in doing so he drove his automobile across the path of plaintiff's automobile which had not changed its direction. The defendant changed the direction of his automobile upon entering the intersection and in doing so was amenable to the provisions of §6307-38 GC, which in part provides:

"(a) No person shall turn a vehicle * * * from a direct course upon a highway unless and until such person shall have exercised due care to ascertain that such movement can be made with reasonable safety to other users of the highway * * * or after giving an appropriate signal in the event any traffic may be affected by such movement."

"(b) A signal of intention to turn right or left shall be given in sufficient time in advance of the movement indicated to give ample warning to other users of the highway who would be affected by such movement."

The statement of facts does not disclose a failure on the part of the defendant to observe the provisions of this statute. From the fact that a collision occurred in the path of plaintiff's automobile it may reasonably be inferred that both drivers claimed the right of way. Apparently, the agreed statement of facts was so drawn as to eliminate all other issues and to raise squarely the question whether the defendant, in making the left turn in the intersection was given the right of way under the provisions of §6307-40 GC. After a careful search we have not been able to find a reported opinion in Ohio in which this precise question has been decided. In the case of **Watts v Feuerlicht, 35 Abs 509, 41 N. E.** (2d) 719, a factual situation was presented which would have permitted a decision on this question. However, in that case, as in the case of Morris v Bloomgren, supra, the decision turned on whether the driver on the right was proceeding in a lawful manner.

Inasmuch as the trial judge relied upon the case of Frey v Buchseib, supra, decided by the Court of Appeals of Franklin County, attention is called to the distinguishing feature of that case. In that case the plaintiff claimed that the collision did not occur in the intersection but beyond it. The defendant claimed that the collision occurred in such close proximity to the intersection that the law controlling the obligation of

drivers of vehicles at intersections had application, and that the plaintiff failed to observe the provisions of §6310-24 GC (now Section 6307-35(b)) as he turned to the left in the intersection. At the time the accident occurred §6310-24 GC provided:

"Vehicles turning to the left into another road or highway shall pass to the right of and beyond the center of the intersection before turning."

It will be observed that under the statute at that time the driver of a vehicle making a left turn was required to proceed beyond the center of the intersection before turning. This provision would require the driver to proceed in the direction in which he was moving until he had crossed the path of the vehicle approaching from his left before making a left turn. As we have already pointed out, a left turn at an intersection is not required to be made in this manner under §6307-35(b) GC. In that case the factual situation required the application of the "right of way" statute, as it then existed and the Court so held. The question presented in that case was not identical with the one before the Court in the instant case.

The case of Mapp v. Holland, 138 Va. 519, 122 S. E. 430, 37 A. L. R. 478, is cited in support of the contention made by the defendant. The "right of way" statute is quoted by the Court in its opinion as follows:

"All vehicles * * * shall have the right of way over others approaching an intersection of roads from the left and shall give the right of way to those approaching from the right."

Apparently the statute of Virginia did not carry the limitations on the application of the statute which are found in the statutes of Ohio. The Court in its opinion makes no mention of any qualifying statutory provisions to the "right of way" statute.

On the question as to whether the preferential right of way given to the vehicle on the right is absolute it is interesting to note the language of the Supreme Court of California in the case of Donat v. Dillon, 192 Cal. 426, 221 Pac. 193. The Court in its opinion stated:

"Although a machine first reaching the intersection may have the right of way, it does not follow that one who changes

his course at the intersection of a street is entitled to the full protection of this rule, for common sense tells us that he is bound to exercise great care to avoid collisions with machines on the street, and across whose path he must travel."

Secs. 6307-2, 6307-35, 6307-38 and 6307-40 GC, are in pari materia and must be given that construction which will harmonize and give effect to all the provisions contained therein. To hold that the defendant had the right of way under the facts stipulated would require the Court to give no effect to the words "in the direction in which it * * * is moving" as used in §6307-2 GC, and to entirely ignore the provisions of §6307-38 GC, which controls the conduct of a driver in turning a vehicle from a direct course upon a highway. It will be observed that §6307-40 GC applies "excepting as otherwise provided". In holding that the defendant lost the right of way in making a left-hand turn in the intersection the Court is giving meaning and effect to all such provisions. If this construction of the "right of way" statute was not intended by the Legislature, then the Legislature should change the definition of "right of way" as defined in §6307-2 GC. The Uniform Traffic Code was intended to expedite the flow of traffic, to eliminate traffic hazards, and to prevent collisions. A careful consideration of the provisions of the Code discloses a purpose to favor vehicles moving in a straight line over vehicles changing direction. Thus, traffic is kept moving and vehicles changing direction are not permitted to join the flow of traffic except upon observance of the controlling rules of safety.

The reason for the rule is obvious and is in the interest of safety. The driver of the vehicle on the left has a right to assume that the driver on the right will proceed in the direction in which he is moving. In making a left turn the vehicle on the right cuts into the path of the vehicle on the left and thereby reduces the distance each vehicle may move before the paths of the vehicles cross. By changing direction the vehicle on the right loses the right of way. This rule applies with equal application whether the intersection be a complete intersection or a T intersection.

We are of the opinion that the defendant lost the preferential right of way given him under §6307-40 GC as defined in §6307-2 GC when he began to make a left-hand turn in the intersection, and that the provisions of §§6307-35 (b) and §6307-38 GC, controlled his movements and determined the care required.

The trial Court decided this case on the sole issue of right of way which was resolved in favor of the defendant.

The seven separate assignments of error of the appellant in substance are that the judgment of the trial Court is against the weight of the evidence and contrary to law. While we are of the opinion that the judgment is contrary to law we cannot find that the judgment is against the manifest weight of the evidence as the defendant was controlled by the provisions of §§6307-35(b) and 6307-38 GC, in making the left turn and the facts stipulated are insufficient to warrant a reversal on this ground. Because of the meager statement of facts and the controlling statutory provisions we cannot render a final judgment.

The judgment is reversed and the cause remanded for a new trial.

MILLER, J, concurs and HORNBECK, J, dissents.

HORNBECK, J, dissenting.

I respectfully dissent from the conclusion of the majority and believe "right of way" as therein interpreted is unnecessary, impractical and contrary to an adjudication which is binding upon this Court.

The majority opinion assures the right of way to the automobile to the right only if it is moving into and through the intersection without change of direction and thereby removes the privilege, at either type of intersection, from any motorist who turns to the right or left after entering the intersection. The definition of "right of way" in §6307-2 GC accords to a "street car" or "trackless trolley" the same privilege as is assured automobiles. This preferential right is removed by the majority if a street car is approaching or leaving the dead end of a T where the tracks turn either to the right or the left at the junction of the streets.

The first syllabus of **Morris v Bloomgren 127 Oh St 147,** 187 N. E. 2, after considering both §6310-28 GC (now §6307-2 GC) and §6310-28a (now §6307-40 GC) concludes:

"Construed together these sections confer an **absolute right of way** upon the vehicle approaching from the right, **qualified only** by the requirement that, in proceeding **uninterruptedly,** it must proceed **in a lawful manner."** (Emphasis ours.)

The limitation upon the qualification is accentuated in the 3rd syllabus:

"The phrase 'in a lawful manner', found in §6310-28 GC, is a sine qua non obligation placed upon the vehicle upon which

the right of way is conferred. If such vehicle is not proceeding in a lawful manner in approaching or **crossing** the intersection, but is proceeding in violation of a law or ordinance, such vehicle loses its preferential status and the relative obligations of the drivers of the **converging** vehicles are governed by the rules of the common law." (Emphasis ours.)

Upon the agreed statement of facts it must be presumed that the defendant was proceeding into and was crossing the intersection in a lawful manner including the observance of the requirements of §6307-35(b) GC, and (a) and (b) of §6307-38 GC. This is the only qualification required by Morris v. Bloomgren to assure the right of way at and in an intersection to the vehicle approaching from the right. We should not write another exception into the application of the right of way statutes at intersections. Sec. 6307-40 GC and "right of way", as defined in §6307-2 GC apply not only to the entrance of vehicles into but also to their movement through intersections.

This cause having been submitted upon an agreed statement of facts, there is presented for determination a question of law only, and as the defendant had the right of way as he proceeded in a lawful manner through the intersection, and the collision occurred in the intersection, the judgment should be affirmed.