CONLEY, APPELLANT, v. VIEZER, APPELLEE.

(No. 24876—Decided December 11, 1959.)

*Mr. R. William Bashein*, for appellant.
*Messrs. Meyers, Stevens & Rea*, for appellee.

HURD, P. J.   This is an appeal from a judgment for the defendant entered upon a directed verdict on motion at the conclusion of plaintiff's case.   The action is one for negligence arising out of a collision between the automobiles of plaintiff and de-

fendant which occurred at about 10:15 p. m. on November 18, 1955, at the juncture of West 7th Street and Marquardt Avenue in the city of Cleveland.

West 7th Street extends generally in a northerly and southerly direction and Marquardt Avenue easterly and westerly. The intersection is what is known as a "T" type, in that Marquardt is a dead-end road or highway which terminates at West 7th Street. West 7th Street is a four-lane highway and Marquardt is a two-lane highway. West 7th Street is approximately 36 feet in width and Marquardt approximately 16 feet in width. There is no stop sign or other traffic control at the intersection.

At the time of the collision, plaintiff was operating his automobile in the second lane in a northerly direction on West 7th Street as it approaches Marquardt. The first lane of West 7th Street just to the south of Marquardt was occupied by parked vehicles.

Plaintiff testified, in part, that the defendant entered the intersection attempting to make a left turn. As plaintiff put it, "He [the defendant] just made a complete wheel in front of me, just swung around the corner." It is quite obvious that, because this was a dead-end intersection so far as it related to traffic on Marquardt, the defendant was obliged to make a turn either to the right or to the left on West 7th Street as he could not proceed straight ahead uninterruptedly. Plaintiff also testified that the defendant's driving lights were not on at the time of the accident, but that only his parking lights were lit.

As part of his case, plaintiff placed the defendant on the stand for cross-examination. In the course of his testimony, defendant made certain admissions such as that he could not see the traffic on West 7th Street because of the parked cars and that he entered the intersection intending to make a left turn on West 7th Street, but he testified that he did not know *whether or not he had started to make the left turn.* Defendant further admitted that his sight of plaintiff's car was instantaneous, and a member of the police department of the city of Cleveland testified for plaintiff, in substance, that West 7th Street is a main thoroughfare on the south side of that area and that Marquardt is a small side street similar to a court. He also testified that

the defendant, in speaking of the distance, stated to him that when he first noticed danger the distance was "zero," and further that he "did not notice any danger."

The plaintiff assigns as error that the trial court erred in sustaining defendant's motion for directed verdict at the conclusion of the plaintiff's case. The sole question presented is whether there was evidence presented on behalf of the defendant making out a prima facie case, or to put it another way, whether reasonable minds could reach different conclusions on the facts.

In considering this question, it may be helpful to review briefly the principles of law as delineated by authoritative decisions on this subject.

In *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469, 189 N. E., 246, the scintilla rule was abolished and it was established, *inter alia*, that on a motion for a directed verdict, the one against whom the motion is made is entitled to have the evidence construed most strongly in his favor, and that where upon such evidence reasonable minds can reach different conclusions upon any question of fact such question of fact is for the jury and the test is not whether the trial judge would set aside the verdict on the weight of the evidence.

In *Tanzi* v. *New York Central Rd. Co.*, 155 Ohio St., 149, 98 N. E. (2d), 39, it was stated, as appears in the first paragraph of the syllabus, that:

"In passing upon a defendant's motion for a directed verdict, the trial court is required to construe the evidence most strongly in plaintiff's favor. (*Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469, approved and followed.)"

In *Biery, Admx.,* v. *Pennsylvania Rd. Co.*, 156 Ohio St., 75, 99 N. E. (2d), 895, it was established, as appears by the third paragraph of the syllabus, that where a plaintiff makes a prima facie case of negligence against the defendant and the evidence does not disclose that the plaintiff's decedent was chargeable with contributory negligence the sustaining of defendant's motion at the close of plaintiff's case in chief is reversible error.

To the same effect, see, also, *Carter-Jones Lumber Co.* v. *Eblen*, 167 Ohio St., 189, 147 N. E. (2d), 486.

It is stated in headnote one of the recent case of *Bennett* v.

*Matthews Delivery Service*, 80 Ohio Law Abs., 103, 157 N. E. (2d), 907, decided by the Court of Appeals for Franklin County on January 6, 1959, in conformity with the principles of law established in Supreme Court cases above cited, as follows:

"In determining the correctness of a judgment rendered upon a directed verdict for defendant the Court of Appeals is required to accord to the testimony produced by plaintiff its most favorable intendment for him and if in so doing reasonable minds can come to but one conclusion and that conclusion adverse to the plaintiff, the trial judge was correct in directing a verdict for defendant but if reasonable minds could come to different conclusions on the evidence adduced, then the trial court erred to the prejudice of the plaintiff."

In that case the court reversed the judgment for directed verdict, and the cause was remanded for further proceedings according to law.

Consonant with these principles of law and construing the evidence most favorably to the plaintiff, it is proper to conclude from plaintiff's testimony that the defendant was making a left turn south onto West 7th Street and was not proceeding uninterruptedly in a lawful manner as required by law, and that, therefore, due to the dead-end intersection and his attempt to turn left in front of moving traffic, defendant lost any preferential right of way which otherwise he might have had.

The physical evidence also tends to bear out the testimony of plaintiff because an examination of plaintiff's Exhibits 6 and 7, which are photographs of the front of plaintiff's car following the accident, reveals substantial damage to the left front fender of plaintiff's car and negligible damage to the right front of plaintiff's car. This again tends to confirm plaintiff's evidence to the effect that the defendant, without seeing plaintiff's car, moved into the lane of traffic, made a complete wheel in front of him, "just swung around the corner," which according to all of the testimony could only be to the left, in order to proceed south on West 7th Street. It is certain because of Marquardt Avenue dead-ending at West 7th Street he could not proceed uninterruptedly in the direction in which he had been proceeding.

Concerning plaintiff's testimony that the headlights of the defendant's car were not on, which for the purposes of the mo-

tion to direct a verdict must be accepted as true, Section 4513.03, Revised Code, requires that every vehicle on the highway open to traffic within this state, during the time from one hour after sunset to one hour before sunrise when there is not sufficient natural light to render discernible persons or vehicles on the highway at a distance of 500 feet ahead, display lighted lights and illuminating devices as required by Section 4513.04 *et seq.*, Revised Code. Section 4513.04, Revised Code, requires that every motor vehicle be equipped with at least two headlights with at least one near each side of the front of the motor vehicle, and Section 4513.15, Revised Code, reads, in part:

"Whenever a motor vehicle is being operated on a roadway or shoulder adjacent thereto during the times specified in Section 4513.03 of the Revised Code, the driver shall use a distribution of light, or composite beam, directed high enough and of sufficient intensity to reveal persons, vehicles, and substantial objects at a safe distance in advance of the vehicle, * * *."

Thus, inasmuch as this collision occurred at 10:15 p. m. on November 18, 1955, the effect of the failure to have headlights on, under the facts and circumstances then and there existing, could be considered as a factor which prevented plaintiff from seeing defendant's car until it was from 10 to 12 feet away from the point of the collision.

Coming now to consider principles of law relating to the right of way at intersections, the case of *Gratziano* v. *Grady*, 83 Ohio App., 265, 78 N. E. (2d), 767, decided March 17, 1948, is a case so factually analogous to the instant case that if the judgment in this case were to be affirmed we would be obliged to certify on the ground of conflict. That case was submitted on an agreed statement of facts, from which it appeared that plaintiff was driving an automobile in the city of Columbus westwardly on Spruce Street, which street extends in an easterly and westerly direction, and that defendant was driving his automobile southwardly on Harrison Street, which intersects with Spruce Street at a right angle but does not cross it, forming what is commonly known as a *"T" intersection*, such as here involved. It was there held, *inter alia*, that the driver of the vehicle on the right loses the preferential right of way given him under Sections 6307-2 and 6307-40, General Code, where he begins making

a left turn in the intersection, and that the provisions of Sections 6307-35 and 6307-38, General Code, control his movements and determine the care required. The court, in commenting upon the case of *Morris* v. *Bloomgren*, 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831, said that the sections referred to are cognate sections and must be construed together, and stated further at page 270, that:

"The rule of law laid down in the case of *Morris* v. *Bloomgren, supra,* must be considered in light of the facts. In that case, the streets crossed at right angles to make a complete intersection. Neither vehicle attempted to make a turn. The court was not required to give force and effect to the words, 'in the direction in which it * * * is moving,' as used in Section 6307-2, General Code. * * * A complete statement is found on page 156 as follows:

" '* * * Sections 6310-28 and 6310-28*a*, General Code [now Sections 4511.01 and 4511.41, Revised Code], confer an absolute right of way upon the motor vehicle approaching from the right, qualified only by the requirement that, in proceeding uninterruptedly in the *direction in which it is moving* [emphasis ours], it must proceed *in a lawful manner.*' [Emphasis supplied by the court.]

" '* * * It must be noted that the statute (Section 6307-40, General Code) by its terms does not apply in every situation. It applies when the vehicle on the right proceeds 'in a lawful manner' and continues to proceed *'in the direction in which it * * * is moving.'* Section 6307-2, General Code. *It does not apply when the vehicle on the right changes direction."* (Emphasis ours.)

In 6 Ohio Jurisprudence (2d), 393, Section 187, the following appears:

" '* * * Inasmuch, however, as the present statute does not require the defendant to continue driving in the direction he is moving until he has passed the center of the intersection before attempting to make the turn, it would now appear that the driver making the left-hand turn does not have the right of way under the general right-of-way statute.' "*

---

*It is said in note 15, on page 393 of 6 Ohio Jurisprudence (2d), that:
"Where two motor vehicles approach an intersection at right angles to

The rule in the cases beginning with the *Bloomgren case, supra* (127 Ohio St., 147), decided June 21, 1933, down to the *Gratziano case, supra* (83 Ohio App., 265), decided March 17, 1948, has been so well established that the proposition has since been codified in Section 4511.41, Revised Code, which relates to dead-end or "T" intersections. In the second paragraph thereof, it reads as follows:

"At an intersection at which one or more roads or highways meets but does not cross the others, the operator of a vehicle * * * traveling on the dead-end road or highway *shall yield the right of way to any vehicle * * * traveling on the road or highway which crosses the intersection*, unless otherwise directed by a traffic control device, or as provided in [Section] 4511.43 of the Revised Code." (Emphasis ours.)

This enactment of the legislation, although adopted November 4, 1959, which is subsequent to the date of the accident here involved, is merely declaratory of the case law on the subject as it existed at the time of the accident.

Defendant apparently relies upon the first paragraph of Section 4511.41, Revised Code, which provides, in substance, that the operator of a vehicle shall yield the right of way at an intersection of two or more roads or highways which cross each other to a vehicle approaching from the right. However, this rule is modified by the proposition that Section 4511.41, Revised Code, which gives preferential right of way to a vehicle approaching from the right, applies only where the vehicle on the right proceeds in a lawful manner and continues to proceed uninterrupt-

each other and the one approaching from the right undertakes to make a left turn upon coming into the path of such other vehicle, the vehicle on the right, by changing its direction, loses its right of way conferred by R. C. 4511.41 (G. C. 6307-40) as defined in R. C. 4511.01 (G. C. 6307-2). *Gratziano* v. *Grady*, 83 Ohio App., 265, * * * 78 N E. (2d), 767, holding that R. C. 4511.01, 4511.36, 4511.39, and 4511.41 (G. C. 6307-2, 6307-35, 6307-38 and 6307-40) are in pari materia and must be given that construction which will harmonize and give effect to all provisions contained therein.

"The driver of a vehicle on the right loses the preferential right of way given him under R. C. 45411.01 and 4511.41 (G. C. 6307-2 and 6307-40) where he begins making a left turn in the intersection, and the provisions of R. C. 4511.36 and 4511.39 (G. C. 6307-35 (b) and 6307-38) control his movements and determine the care required. *Gratziano* v. *Grady*, *supra*."

edly in the direction in which it is moving. It does not apply where defendant changes direction either to the right or to the left, and certainly the evidence in this case leaves no doubt about what defendant intended to do by his own admission and which the plaintiff testified he was doing at the time of the accident. The plaintiff's positive testimony added to defendant's admissions on cross-examination certainly presents questions of fact upon which reasonable minds could come to different conclusions. In that state of the record it was prejudicial error on the part of the trial court to direct a verdict in favor of the defendant upon the close of plaintiff's case.

For the reasons stated, the judgment of the trial court will be, and hereby is, reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

KOVACHY and SKEEL, JJ., concur.