IN RE ESTATE OF SLIWA.

(No. 1777—Decided
July 19, 1989.)

*Richard J. Marco* and *John W. Hickey,* for appellee executor.
*William B. Young,* for appellants.

CACIOPPO, P.J. On February 28, 1988, Adam J. Sliwa died testate. His will was admitted to probate and appellee, Theodore Sliwa, was named executor of his estate.

On June 13, 1988, Theodore Sliwa filed an inventory and appraisal with the probate court. A notice of filing of inventory and appraisal was published in the Sun Banner Pride on June 23, 1988. No objections or exceptions were filed and the court approved the inventory and appraisal as submitted on July 8, 1988.

Subsequently, the appellants filed exceptions to the inventory and appraisal. The court heard arguments and found that appellants had failed to

file the exceptions in a timely fashion and overruled the exceptions.

The appellants appeal from this decision.

## Assignments of Error

"I. The court erred in approving the inventory without considering appellants' exceptions to the inventory when appellants did not receive sufficient notice of the filing of the inventory or notice of the hearing on the inventory.

"A. The court erred in determining that appellee provided sufficient notice by publication of the filing of the inventory when the record fails to support a finding that the appellee provided any notice by publication.

"B. The court erred by determining that notice by publication of a hearing on an estate's inventory was sufficient to meet the constitutional requirements of due process.

"C. The court erred in determining that C.P. Sup. R. 29(A) required only notice by publication and did not require actual notice by certified mail of the hearing on an estate's inventory.

"D. The court erred in determining that R.C. 2115.16 required only notice by publication and did not require actual notice by certified mail of a hearing on an estate's inventory."

Appellants contend that R.C. 2115.16 and C.P. Sup. R. 29 mandate that notice of the filing of an inventory and hearing must be by registered mail.

R.C. 2115.16 states:

"Upon the filing of the inventory required by section 2115.02 of the Revised Code, the probate court shall forthwith set a day, not later than one month after the day such inventory was filed, for hearing on the inventory and shall give at least ten days' notice by registered mail or otherwise of the hearing * * *."

C.P. Sup. R. 29(A) states:

"Notice of the filing of inventory shall be given in accordance with R.C. 2115.16 and may be published one time, as a group, in a newspaper of general circulation in the county, or advertised separately as the Court elects in each case. The notice required herein shall be deemed notice to each person or class of persons entitled thereto without specifically naming such persons or class of persons."

R.C. 2115.16 requires service of notice to individuals by "registered mail or otherwise." The language "registered mail or otherwise" is intended to mean that notice of the filing of the inventory and hearing thereon should be by registered mail or by such reasonable notice as the probate judge should conclude to be sufficient in the exercise of his sound discretion. *In re Keller* (App. 1940), 32 Ohio Law Abs. 624, 625. C.P. Sup. R. 29(A) allows service by publication as a satisfactory and complete method of perfecting notice.

In the instant case, the probate court caused to be printed a notice of publication in the Wadsworth Sun Banner Pride on June 23, 1988, which appeared in excess of ten days before the date of hearing. The notice given in the newspaper constitutes full compliance with the requirements of the statute.

The appellants' assignment of error is overruled. The decision of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, J., concurs.

QUILLIN, J., dissents.

QUILLIN, J., dissenting. Unstated in the majority's opinion is the fact that these appellants were benefici-

84

aries under the will. Unquoted in the majority's opinion is the balance of R.C. 2115.16 which provides that notice of the hearing must be given by registered mail or otherwise "to such of the following as are known to be residents of the state and whose place of residence is known: * * * (C) Beneficiaries under the will * * *."

In my opinion publication in a newspaper is not such reasonable notice as required to be given to beneficiaries of a will who are known to be residents of the state and whose place of residence is known.