## The Chicago and Allegheny Oil and Mining Company *et al. versus* Barnes.

1. In replevin, after a distress, the defendants avowed for rent in arrear, the plaintiff pleaded "*non demiserunt* and no rent in arrear;" one of the defendants (a company) showed a conveyance of one-fourth the premises from the lessor in trust to receive the income, pay their debts and transfer what might remain to them. The company had no present title legal or equitable, and had no right to distrain.

2. Where several defendants join in an avowry, a demise by all, or a title deduced to all from the original lessor, must be shown.

3. Under a general avowry and plea of *non demiserunt*, the defendants cannot stand upon authority from the real landlord as if they had made cognisance.

October 22d 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Venango county:* No. 132, to October and November Term 1869.

This was an action of replevin by S. A. Barnes against the Chicago and Allegheny Oil Company, the Garden City Petroleum Company, Honore & Walker and others, for a frame house, two stories high, on lot No. 74 Holmden street, Pithole City. The writ was issued October 17th 1867. The sheriff returned that he had served the writ and delivered to the plaintiff the goods described in it. The defendants avowed the taking for $200 rent in arrear.

The plaintiff pleaded *non demiserunt* and no rent in arrear.

On the trial, before Trunkey, P. J., it was admitted that the property described in the writ belonged to the plaintiff at the time of the distress.

The defendants gave in evidence a lease, dated June 6th 1865, from Thomas G. Duncan and George C. Prather to Abel M. French, for three years, for lot No. 74, on Holmden street, Pithole City, on the Duncan & Prather farm, for building and storage purposes only, with right to the tenant to remove such property as may belong to him, and a covenant that the tenant will remove such building as may be on the lot at the end of term. They gave in evidence a deed from Duncan and others to George R. Chittenden and D. G. Wright, dated September 30th 1865 [the paper-book did not specify for what property]; one November 8th, from Duncan & Prather and others to Wesley Munger for one-eighth of the farm; and, same day, deed from the same to H. Honore for three-eighths of the farm; and a quit-claim, December 11th 1865, of Wright to Chittenden. Also deed March 30th 1866 from George R. Chittenden to Ira Y. Munn for the undivided fourth part of the farm, excepting certain portions specified, but *not* lot 74, in trust to receive the revenues, and, with the

[Chicago and Allegheny Oil and Mining Co. *v.* Barnes.]

approval of the creditors of Chicago and Allegheny Oil and Mining Company, to sell and convey the land, and apply the revenues and proceeds of sale in payment of certain bonds of the company, to pay other debts of the company and transfer to the stockholders of the company any land or products that may remain, &c. The defendants also gave in evidence a declaration of trust, dated December 5th 1867, by Munger for the Garden City Petroleum Company. They also gave evidence that the warrant of distress was signed by the agents of the Chicago and Allegheny Company, the Garden City Company, H. H. Honore, Samuel J. Walker and ———— Ellis, and that plaintiff was in possession. Plaintiff gave evidence that he had paid part of the rent soon after the distress, and that he had been in possession but a month before the distress.

The court charged, amongst other things: "It seems not to be controverted, that the plaintiff, Barnes, succeeded to all the rights of the lessee under the lease by Duncan & Prather to French, dated June 6th 1865. It is alleged, that by divers conveyances, the title of Duncan & Prather became vested in the defendants. If so, the defendants had a right to collect the rent by action or distress.

"If all these defendants, as such grantees, avow and fail to show the right in all of them as such, but only show a part thereof, they fail to make out the case on their part, and the plaintiff is entitled to recover.

"To show that the title of Duncan & Prather had become vested in those who make the avowry, the defendants gave in evidence, amongst other conveyances, a deed from George R. Chittenden to Ira Y. Munn, in trust, dated March 30th 1866. [The character of the trust seems to have been for the creditors of the Allegheny Oil Company, Munn being authorized to receive all the income, to be paid on certain debts, and, by leave of a majority of the creditors, to convey the property. This deed does not vest the title and right to distrain in the company."] * * *

. The verdict was for the plaintiff. The defendants took a writ of error, and assigned six errors, the sixth of which was the part of the charge enclosed in brackets.

*T. C. Spencer* and *R. Sherman*, for plaintiffs in error.

*Taylor & Mackay*, for defendant in error, cited Ewing *v.* Vanarsdall, 1 S. & R. 370.

The opinion of the court was delivered, January 3d 1870, by

SHARSWOOD, J.—To a general avowry in replevin, the plaintiff pleaded *non demiserunt*, and no rent in arrear. These were the only issues which the jury were impannelled to try. The questions, therefore, whether a tenant's fixtures can be distrained, and

[Chicago and Allegheny Oil and Mining Co. *v.* Barnes.]

whether replevin can be maintained for them, do not arise upon this record. These form the staple of the first five assignments of error, which are therefore dismissed.

The sixth assignment is, that the court erred in charging that the deed of March 30th 1866, between Chittenden and wife, and. Ira Y. Munn, did not vest the title and right to distrain in the defendants, the Chicago and Allegheny Oil and Mining Company. The defendants, to support their avowry, showed a lease from Duncan & Prather, to Abel M. French, and, in deducing title to themselves from the lessors, gave in evidence the deed in question. It is a conveyance of one undivided fourth of the premises, to Ira Y. Munn, in trust to receive the income, and upon certain conditions, to sell, to apply the proceeds to the payment of certain bonds of the Chicago and Allegheny Oil and Mining Company, and debts for money loaned, and to transfer and convey to the said company, any of the said land which might remain after the foregoing objects should be accomplished. It is evident that the company had no present title, either legal or equitable. If, instead of joining with the other defendants in a general avowry, they had made cognisance as the bailiffs of Ira Y. Munn, it is probable the case might have gone to the jury. But Ewing *v.* Vanarsdall, 1 S. & R. 370, is an authority in point, not only that where several defendants join in an avowry, a demise by all must be shown, or, what is the same thing, a title deduced from the original lessor to all, if they claim derivatively by assignment, but that under such an avowry, and the plea of *non demiserunt,* it is not competent to stand upon an authority from the real landlord, as if the party had made cognisance.

Judgment affirmed.