## EMPLOYERS' LIABILITY ASSURANCE CORP v OLES et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 14, 1932

Harrington, Huxley & Smith, Youngstown, for plaintiff in error.

Nicholson & Warnock, Youngstown, for defendant in error.

ROBERTS, J.

The storm center of this action, so far as the claim of reversible error is concerned, is the proposition as to whether Oles is in a position to successfully maintain and recover in this action by reason of the fact that he failed under the circumstances which have been stated to give any notice to the Insurance Company of this accident until after suit was commenced some two months later. It was a condition of this policy, "Upon the occurrence of an accident, covered by this policy, the assured shall give immediate written notice thereof to the corporation or its duly authorized agent."

Reference will now be made to some authorities upon this proposition. Citing first the case of **Travelers' Insurance Company v Myers & Company, 62 Oh St, 529,** the syllabus reads as follows:

"Policies of insurance should be construed, like other contracts, so as to give effect to the intention and express language of the parties. **West et v Citizens' Insurance Company, 27 Oh St, 1,** approved and followed.

In a policy which insures against loss from liability to employes of the insured who may accidentally sustain bodily injury while in the employ of the insured, under circumstances which shall impose upon the insured a common law or statutory liability to such employes by reason thereof, a stipulation as follows: 'Immediate written notice shall be given this company of any accident and of all alleged injuries, together with copies of all statements made by employes, and all other information in possession or knowledge of the insured in any way relating to such accident or liability therefore' is the essence of the contract and can not be waived by an agent of the company without authority therefore.

When such policy contains a stipulation that no agent has authority to waive or alter anything in this policy contained, and the same is accepted by the insured, it is both notice to and an agreement by, the insured that an agent has no authority to waive or alter anything contained in the policy. Union Central Life Ins. Company v Hook, ente, 256, approved and followed.

Immediate written notice in such stipulation means written notice within a reasonable time under the circumstances of the case."

Then follows the further language:

"And where the facts are not disputed, what is a reasonable time is a question of law."

The latter statement just read is disapproved by the Supreme Court in a later case which will now be referred to. That is the case of **The Employers' Liability Assurance Corp. v Roehm, 99 Oh St., 343,** and the syllabus reads:

"A provision in a policy of indemnity insurance, to the effect that written notice should be given the company within thirty days from the date of sustaining the injury, is of the essence of the contract, and like other contracts should be construed so as to give effect to the intention and express language of the parties."

Thus far this decision follows the Myers case in the 62 **Oh St.** It proceeds further:

"This rule of law is subject to the qualification, that if at the time of the accident, and within the period stipulated for the giving of notice, no reasonable ground existed warranting a belief that the injury was anything but trivial in its character, not justifying a claim for damages, and it subsequently develops that as a result of such accident serious consequences have ensued, and that immediately upon being advised of this fact the insured gives written notice to the insurer, the question whether the notice was given within time is not a matter of law, but is a question for the determination of a jury. The last clause of the fourth proposition of the syllabus in the case of **The Travelers Insurance Company v Meyers & Company, 62 Oh St, 529,** is disapproved."

These cases were cited and the case of **State Automobile Mutual Insurance Association v Lind, 122 Oh St,** commencing at page 500. This case involved a question of waiver. Commencing at the bottom of page 506, in the opinion, it is said:

"In **Employers' Liability Assurance Corp. v Roehm, 99 Oh St, 343,** which was an action upon an indemnity policy, presenting the question whether the assured had complied with a requirement as to giving notice to the company within thirty days from the date of sustaining an injury, unless such notice may be shown not to have been reasonably possible, where the thirty days had expired before the insured realized the serious consequences of the accident, and thereafter he gave notice to the company, this court held that the question whether such notice was given within a reasonable time was not a matter of law but a question for determination by a jury."

The provisions as to giving notice vary somewhat in these different cases. However, in this last declaration by the Supreme Court just read, the giving of a notice seems to have been excused or so considered by the Supreme Court, "unless there is a realization of the serious consequences of the accident."

Another case of interest is **Fischer Auto & Service Company v Assurance Company, 8 Oh Ap, 176.** The syllabus reads:

"Where no bodily injury is apparent as the result of an accident at the time the same occurs, and there is no reasonable ground for believing that a claim for damages against the owner of an automobile will arise therefrom, such owner is not required to give his assurer notice until subsequent facts as to an injury would suggest to a person of ordinary and reasonable prudence that a liability on the part of the owner to the injured person might arise.

Under such circumstances the duty of the assured owner is performed if he gives notice within a reasonable time after the injury presents an aspect suggestive of a possible claim for damages."

These authorities and the facts in this case present an interesting question. Some of the authorities are to the effect that where the accident was trivial and there is not a reasonable apprehension of injury resulting therefrom, that the law does not require the giving of a notice until knowledge is acquired of the accident having been as a matter of fact in its results more than trivial and resulting in damage. This

accident can not be said, we think, to have been a mere trivial accident. For an elderly woman to fall upon a hard concrete floor suggests a situation not of mere triviality. It might be apprehended that such an accident would result in injury. Perhaps it frequently would, not always. Perhaps also many such falls do not result in injury. It is a somewhat different proposition from a mere pin prick, for instance, which ordinarily would be considered trivial and dismissed from consideration, and yet through it blood poison might result, with serious consequences. There is, too, the propostiion involved as to the attitude of Mrs. Moyer herself, and what she said with regard to the accident, and this is a proposition upon which considerable difficulty has been encountered in finding authorities. When she said herself that she had not sustained injury, was that a statement upon her part upon which the insured could safely rely, looking to his own interests and the protection of his rights under the policy. No doubt it sometimes happens that people fall and receive a blow or concussion and do not observe that any injury has resulted for some time thereafter, and then serious consequences may develop. There are numerous interesting propositions involved in the consideration of this issue. Outside of Ohio we find a large number of cases which are cited and quoted from to a considerable extent in the 76 A.L.R., with an exhaustive brief commencing on page 100, so far as this subject is concerned, and continuing for quite a number of pages thereafter, and there are two lines of cases found cited in this report. There is a line of authorities in effect that a contract is a contract, and that people entering into a contract are bound by its terms and that when a man seeks protection by reason of a privilege or right which has been granted him in a contract for which a consideration is paid, in order to make that available to himself he must do that which the express terms of the contract require as a preliminary to a right of indemnity. That is, in this case the giving of a notice, and some good reason is apparent for such a rule. That places the responsibility for the enforcement of a contract and the discretion as to conduct to be indulged in upon a man who assumes the duty of giving a notice is preliminary to the right of a man to claim injury under the contract. If he wants to disregard something which he regards as trivial and unimportant, he may do so, but if he wishes to maintain his protection under the policy that he should give the notice. Then there is the other line of cases indicated by the decisions of the courts of Ohio which have just been read, which seem to indicate another rule, and many cases are found in this brief in the 76 A.L.R., citing and quoting from such cases which are to the effect that where an accident has occurred which is so trivial in its nature, where reasonable apprehensions may not exist of damages likely to follow from the accident, and in such cases where the party sustaining the accident has expressed an opinion or declared the belief that no injury resulted therefrom, then the person insured is not obligated to give a notice under conditions so developed from that action which was considered trivial or from which resulting injury improbably has developed in a more severe situation where damages are likely to be claimed, and then such notice should properly be given.

Reading from several of the authorities quoted in this brief:

"If no apparent injury occurred from the mishap, and there was no reasonable ground for believing at the time that bodily injury would result from the accident, there was no duty upon the assured to notify the insurer."

Chapin v Ocean Ins. Co., 96 Neb., 213.

"It is not every trivial mishap or occurrence that the assured under such a policy of liability insurance must regard as an accident of which notice should be given immediately to the insurance company, even though it may prove afterwards to result in serious injury."

Melcher v Ocean Ins. Co., (A Washington case).

"A fair, businesslike and common sense interpretation of the policy would not require notice of every accident where upon investigation by the assured no injuries were discovered out of which any liabilities could arise."

Schambelan v Ins. Co., 62 Pa., 445.

Reading again:

"On the other extreme there may be accidents of such magnitude or injuries of such degree apparent or disclosed at the time, as would authorize a holding as a matter of law that they should have been reported in order to place liability on the insurance company and recover under the policy.

The true rule, it seems to us, must be declared to be that notice is an essential requirement in order to fix liability on the insurer when there has been such an occurrence or accident as would lead the ordinary prudent and reasonable man to believe that it might give rise to a claim for damages."

Many other cases are cited in this brief.

In this case, as has been suggested, upon motions being made for directed verdict, the jury was discharged and the court took over the determination of the case and determined the question of the necessity of notice and the other issues in the case, as is indicated by findings of law and fact which are embodied in the record, and determining that question of fact the court held that under the circumstances concerning which there is no particular dispute the notice was properly given as soon as the insured had knowledge that the accident had as a matter of fact resulted in injury.

The Roehm case in the 99 Oh St holds to the effect that the question, whether the notice was given within time is not a matter of law but a question of fact for determination by the jury. This matter of fact was submitted to the court after the jury had been excused, was determined by the court, and this court is not authorized to say that such determination was against the manifest weight of the evidence or constituted reversible error in this case.

There is one other proposition urged as error which will now be mentioned, and that is at the close of the evidence when both sides had rested counsel for the defendant below made a motion for a directed verdict. This was followed by a like motion on the part of counsel for the plaintiff below, the court understanding that by the making of these two motions the power and duty of determining the questions of fact and law involved in that case had been taken from the jury and placed with the court and entered into a determination of the issues in this case. Some claim is made that the court committed error in so doing. Difficulty is encountered in knowing precisely what did occur at this time. True, we have the transcript but that does not indicate very clearly. If we understand the contention of counsel for plaintiff in error it is that the court upon these two motions being made overruled the motion of the plaintiff in error, the defendant below, and then excused the jury and proceeded to determine the case without giving such party a right to ask for the submission of the issues then to the jury. Defendant below, however, then requested the court for a separate finding of fact and conclusion of law, which request was followed by the court, indicating an acquiescence at least in the action of the court. From what we can get out of the record as to what took place at this time, we are unable to determine or to find that any reversible or prejudicial error occurred in this respect.

It is thought that this includes all the disputed propositions in this case, but if there were some others all have been given consideration, with the result that no reversible error has been found, and the judgment of the Court of Common Pleas is affirmed.

FARR and POLLOCK, JJ, concur in the judgment.