**STATE, Plaintiff-Appellee, v SALYER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3979.   Decided Feburary 20, 1947.

Ralph J. Bartlett, Prosecuting Attorney, T. Vincent Martin and Edmund B. Paxton, Asst. Pros. Attys., Columbus, for plaintiff-appellee.

L. P. Henderson, Columbus, Henry H. Metcalf, Columbus, Sam L. Devine, Columbus, for defendant-appellant.

## OPINION

By THE COURT:

The defendant was charged with an unlawful assault upon one Janice Foor and one Mary Louise Foor. Jury trial having been waived the cause was tried to the Court which found the defendant guilty as charged in the indictment.

The record discloses that on May 10, 1946, Janice Foor, aged fourteen years, and Mary Louise Foor, aged ten years, had attended a motion picture theater, and sometime around 10:15 or 10:30, while proceeding homeward on Fourth Avenue they noticed a man about ten feet away coming out of an alley towards them, wearing a long coat that looked like a raincoat, and a pair of arctics, containing three or four buckles, or a pair of boots. He had on a tee shirt or sweater and was walking with his hands in his pockets. As he got to the alley and right opposite the girls he opened his coat which disclosed that he was wearing no trousers, and he exposed himself to them. The two girls were positive in their identification of the defendant as the one who accosted them, and the defendant offered evidence to establish an alibi.

The errors assigned are:

(1) The evidence does not support a finding of guilty beyond a reasonable doubt, and that the verdict is against the manifest weight of the evidence.

(2) Errors in admission of evidence which was objected to during the trial.

(3) The Court erred in permitting counsel for the State to testify after a separation of witnesses had been requested.

(4) The testimony of counsel was highly prejudicial to the defendant's rights.

(5) The Court erred in the overruling of a motion for a new trial based on the errors assigned and also on the ground of newly discovered evidence.

An examination of the record discloses that there was a direct conflict in the evidence. The two girls definitely identified the defendant as the person committing the offense, while three other witnesses corroborated the defendant in establishing an alibi. They testified that the defendant came home around 5:30 P. M. on the date of the alleged offense; that he remained at his home all evening, listened to a fight program on the radio between the hours of nine and a little after ten P. M.; that after this he had a light lunch and coffee, and went to bed about 11:00 P. M. The witnesses who corroborated the defendant in this matter were his wife, Helen Salyer, his

brother, James Salyer, and a long-time acquaintance and friend, Florence Hughes. Some of the witnesses were either mistaken or they were not testifying truthfully. The fact that there is a direct conflict in the evidence does not prevent a Court from finding the defendant guilty of the offense charged, beyond a reasonable doubt. 12 O. Jur. page 464; Neifeld v State, 3 O. C. C. (N. S.) 551. The sufficiency of the evidence to prove the main fact of guilt or any evidentiary fact thereto is a matter within the province of the jury, and of the Court in this instance, which is functioning also as a jury. It is its duty to weigh the evidence and determine whether or not the guilt of the accused has been established beyond a reasonable doubt. Were we to say the evidence was insufficient to sustain the conviction we would have to find that the testimony of Janice Foor and Mary Louise Foor was not worthy of belief and was untrue, or that these two girls were mistaken in their identification. The jury is the sole judge of the credibility of the witnesses and has the opportunity to observe their demeanor on the witness stand, their interest, bias or prejudice, etc. Although these two witnesses were outnumbered it must be remembered two of the opposing witnesses were relatives and the other a very close friend. In the light of all the facts disclosed in the record we cannot say the evidence was not sufficient to sustain the conviction or that it was against the manifest weight of the evidence.

The record discloses further that Edmund B. Paxton and Vincent T. Martin, counsel for the State, were permitted to testify over the objection of the defendant, they having remained in the court room after a separation of witnesses had been requested. This is a matter which rests in the sound discretion of the Court and which we find was not abused.

The defendant complains further that their testimony was highly prejudicial. Even conceding this to be true for the sake of argument, no objection was made at the time to the specific questions and answers. Counsel for the defense thoroughly cross-examined them on this alleged prejudicial matter. It is too late to complain now and allege this as a ground for error proceedings.

Counsel for the defendant further contend that the trial court erred in not sustaining a motion for a new trial, especially since an affidavit was submitted alleging newly discovered evidence. This affidavit was offered by Helen Salyer, the wife of the defendant, who testified also at the trial. In it she alleges that James Salyer confessed to her the day after the trial that he committed the offense of which the defendant

was convicted. He was, called as a witness at the trial and when asked by counsel for the State, denied that he had committed the offense. Helen Salyer also was a witness and the Court was required to pass upon her credibility. The weight to be given to her affidavit rested in the sound discretion of the trial court and there was no abuse thereof.

We find no merit in any of the other assigned errors, and the judgment is affirmed. .

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.