**BENNETT, Plaintiff-Appellant, v. MATTHEWS DELIVERY SERVICE, Defendant, and NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5967.   Decided January 6, 1959.

Wiles, Doucher, Tressler & Koons, Arthur W. Wiles, of Counsel, Columbus, for plaintiff-appellant.

Dresbach, Grabbe, Newlon, Collopi & Bilger, Lloyd E. Bilger, of Counsel, Columbus, for defendant-appellee.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

### OPINION

By HORNBECK, J.

This is an appeal from a judgment for the defendant entered upon

a directed verdict for the defendant, Nationwide Mutual Insurance Company, a corporation, on its motion at the conclusion of plaintiff's case. The plaintiff secured a judgment against Matthews Delivery Service, defendant, for damages for personal injuries in the sum of $75,000.00, which was entered after the plaintiff had accepted a remittitur to that sum from the verdict of $90,000.00 as returned by a jury. Thirty days having elapsed, the judgment remaining unsatisfied, the plaintiff filed a supplemental petition against defendant insurance company, which was the successor to Farm Bureau Mutual Automobile Insurance Company, in which Matthews Delivery Service, Inc. was the insured on a policy of liability, covering certain trucks and trailers of Matthews Delivery Service, and by the conditions of which the insurer indemnified Matthews from damages for which it was liable to the amount of $50,000.00. Plaintiff, after the necessary averments as to the recovery of the judgment against Matthews, that it had not been paid for thirty days succeeding the judgment, averred that Nationwide was obligated under its liability insurance policy with Matthews to pay the sum of $50,000.00 that it had defaulted on its obligation.

Nationwide, answering, set up three defenses: the second defense pleaded certain paragraphs of the policy which was held by Matthews under headings:

1. Notice of Accident.
2. Notice of Claim or Suit.
3. Limits of Liability.
4. Limits of Liability (Coverages E, F and G).

In this defense, Nationwide also pleaded that the accident occurred on April 24, 1953, and that the defendant, Matthews, through its officer and agent had been informed of and knew of said accident and the bodily injuries of the plaintiff upon the date of the occurrence; that neither the insured nor anyone on its behalf gave any notice of said accident to the defendant insurance company or any of its duly authorized agents, "as soon as practicable," as provided "under the conditions of the policy"; that when notice was given to the company, approximately eighteen months after the occurrence of the accident, it did not contain particulars sufficient to identify the driver of the insured vehicle and reasonable, obtainable information respecting the time, place and circumstances of the accident with the names and addresses of the injured and all available witnesses, as provided "under the conditions of the policy."

As a third defense, Nationwide pleaded a paragraph of Section 6, "Action Against Company * * * (Coverages E and F)," as follows:

"No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company."

The plaintiff, replying to the answer of Nationwide, admitted the provisions of the policy as pleaded, but alleged that notice of the accident was given to the insurance company "as soon as practicable."

Appellant assigns four errors: the third, error in refusal to admit testimony; the fourth, other errors apparent upon the face of the record. These are not especially urged. The first and second raise the same question.

1. That the Common Pleas Court erred in sustaining the motion of the Nationwide Mutual Insurance Company to direct the jury to return a verdict in its favor; to the sustaining of which motion the Plaintiff-Appellant at the time excepted.

2. That the Common Pleas Court erred in entering up a judgment upon the verdict of the jury which had been directed by it.

We hereinafter refer to Matthews Delivery Service as Matthews or the insured, to the defendant, Nationwide Mutual Insurance Company, as the insurer or the insurance company.

The principal and controlling issue in this court arises upon a construction of the provision in the policy requiring notice and that part of Section 6, which we have heretofore quoted, to the effect that "No action shall lie against the company, unless as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, * * *."

The provision of the policy affecting notice is as follows:

"When an accident occurs written notice shall be given by or on behalf of the insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

Two questions are presented upon the issues drawn by the pleadings:

1. Was the notice of the accident given to the defendant insurance company as soon as practicable?

2. Did such notice as was given conform to the last sentence of the paragraph relating to notice as to certain particulars required to be given by this clause of the policy?

The plaintiff having introduced its evidence and rested, defendant insurance company moved for a directed verdict, which was sustained.

In determining the correctness of this action, we are required to accord to the testimony produced by the plaintiff its most favorable intendment for him. So doing, is it such that reasonable minds can come to but one conclusion. If so, and that conclusion is adverse to the plaintiff, the trial judge was correct in directing a verdict for the insurance company. If reasonable minds could come to different conclusions on the evidence adduced, then the court erred to the prejudice of plaintiff. Third and fourth syllabus, **Hamden Lodge, etc. v. The Ohio Fuel Gas Co., 127 Oh St 469.**

We shall state the evidence, as we read it, in the most favorable light to the plaintiff.

The plaintiff, Sylvan Bennett, was on April 24, 1953, in the employ of the Kroger Grocery & Baking Company as a meat cutter. Robert Reed, on that date, was in the employ of defendant Matthews, as a trucker and a delivery man. He was making a delivery for Matthews

to Kroger, either in the morning or afternoon of that day and, while carrying a quarter of beef into the meat department of Kroger, slipped, causing the beef to be thrown against plaintiff. The floor of the Kroger Company was slippery from grease. At the time that the plaintiff was struck by the quarter of beef, inquiry was made of him by Mr. Reed if he was hurt, and he said that it knocked the wind out of him. Reed completed his deliveries elsewhere in the city of Columbus and in the evening between five and six o'clock, reported the occurrence to a dispatcher for Matthews and to Leon E. Matthews, President of the Matthews Company.

Reed testified that he told Mr. Matthews, " 'I hit a man with a shoulder of beef out there today,' and he said, 'Was the man hurt?' And, I said, 'He didn't act like it,' and he (Mr. Matthews) said, 'See me tomorrow and we will make an accident report.' " He did not tell Mr. Matthews how the accident happened, the condition of the floor, or anything substantially further than we have stated. Reed did not report the next day and he said that he knew nothing about the matter until fifteen or eighteen months thereafter. Matthews testified on cross-examination that he called an insurance agent respecting coverage who told him that in probability his company was covered by the Farm Bureau policy. No report was made of the accident until approximately eighteen months after it occurred. However, the report was made to the company almost immediately after Matthews learned, for the first time, that the plaintiff was claiming that he had been injured in the accident wherein he was struck by a shoulder of beef. Thereafter, suit was instituted against Matthews and there is no question but that it forwarded summons which it received in the action of Bennett. The case came on for trial many months after the suit was instituted and after the insurance company had been notified that it was pending and after it had received the summons from Matthews. The company defended Matthews with the reservation of its rights under the policy which Matthews held.

If the question presented here was one of first impression, applying the rule that the effect of contracts entered into between parties must be determined by the ordinary meaning of the language therein employed, we would have less difficulty in concluding that notice by Matthews to the company of the accident was not given as soon as practicable, but the matter is not one of first impression but one which has been litigated and upon which the courts have spoken many times in contracts similar to, and at least once in a contract identical with, the one under consideration in this case. The problem is made much more difficult because there is some diversity of opinion as to the proper construction of the clause in this policy respecting notice.

Most of this difficulty arises because of the interpretation which courts inferior to the Supreme Court have given to the case of **Employers' Liability Assurance Corporation v. Roehm, 99 Oh St 343.** That case held:

"A provision in a policy of indemnity insurance, to the effect that written notice should be given the company within 30 days from the date of sustaining the injury, is of the essence of the contract, and like

other contracts should be construed so as to give effect to the intention and express language of the parties. This rule of law is subject to the qualification that if at the time of the accident, and within the period stipulated for the giving of notice, no reasonable ground existed warranting a belief that the injury was anything but trivial in its character, not justifying a claim for damages, and it subsequently develops that as a result of such accident serious consequences have ensued, and that immediately upon being advised of this fact the insured gives written notice to the insurer, the question whether the notice was given within time is not a matter of law, but is a question for the determination of a jury."

In this case Roehm, while playing basketball, June 1914, was accidentally struck a blow in the left eye. He had immediate medical treatment, but he nor his physician apprehended any serious injuries from the blow. More than ten months thereafter for the first time, after consultation with another physician, he learned that as a direct result of the accidental blow, he had lost a greater part of the vision of the injured eye. Eventually, he lost the sight of both eyes. As soon as he was aware of the serious nature of his injury, he gave notice to the insurance company. The policy provided insurance "against bodily injuries during the term of the policy" and "no claim shall be valid on account of any injuries, fatal or otherwise, unless written notice is given to the company within thirty days from the date of sustaining any injuries, fatal or otherwise (unless such notice may be shown not to have been reasonably possible), for which claim is to be made." The opinion directs attention to the fact that it is recognized in every jurisdiction that provisions as to notice in insurance policies must be reasonably construed; and that such provision should be liberally construed in favor of the insured. The opinion points out that the much greater weight of authority outside of Ohio supports the doctrine that notice given immediately after the extent of the injuries brought to the knowledge of the insured, is a compliance with the requirement that notice must be given within a time reasonably possible after the happening of the accident. A strict compliance with the terms of the policy in the Roehm case would have defeated his claim. It cannot be denied that Roehm did suffer an injury in the accident, though minor, and was treated by a doctor; nor that thirty days elapsed after that time before notice was given to the insurance company.

It would be well to read that part of the fourth syllabus of **The Travelers' Insurance Co. v. Myers & Company, 62 Oh St 529,** disapproved in the Roehm case:

"4. 'Immediate written notice' in such stipulation means written notice within a reasonable time under the circumstances of the case; **and where the facts are not disputed, what is a reasonable time is a question of law.**" (Emphasis ours. The emphasized part of the syllabus is the last clause.)

The succeeding Ohio cases have construed the holding in the Roehm case wherein the policy requires notice of the sustaining of an "injury" to have like application where the policy requires notice of the occurrence of an "accident."

In July, 1917, almost two years before the Roehm case was decided, on April 2, 1919, the Court of Appeals for Hamilton County, in the case of **The Fischer Auto & Service Co. v. General Accident, Fire & Life Assurance Corp., of Perth, Scotland, 8 Oh Ap 176,** which is widely cited in Ohio and elsewhere, had under consideration the application of a clause in the policy involved which provided:

"C. The assured upon the occurrence of an accident shall give immediate written notice thereof, with the fullest information obtainable at the time, to the corporation's head office at New York City, or to its duly authorized agent. * * *"

The original action by Smith was for damages for injuries suffered by him in a collision between plaintiff's automobile and one in which Smith was riding. Defendant refused to defend and denied liability on the ground that notice had not been given of the occurrence of the accident in accordance with the terms of the policy. The facts disclosed that the driver of plaintiff's truck had no knowledge of any bodily injury to either of the occupants of the other automobile and understood the extent of the damages caused by the collision was property damage to the other automobile. First knowledge had by plaintiff of any bodily injury caused by the accident was brought to its attention about five months after the accident, whereupon notice was given to the agents for the insurance company of the claim that Smith had been injured. The court pronounced this syllabus:

"1. Where no bodily injury is apparent as the result of an accident at the time the same occurs, and there is no reasonable ground for believing that a claim for damages against the owner of an automobile will arise therefrom, such owner is not required to give his assurer notice until subsequent facts as to an injury would suggest to a person of ordinary and reasonable prudence that a liability on the part of the owner to the injured person might arise.

"2. Under such circumstances the duty of the assured owner is performed if he gives notice within a reasonable time after the injury presents an aspect suggestive of a possible claim for damages."

The court held that the trial judge erred in refusing to give two special charges requested by plaintiff before argument.

1. "The provision in the policy sued upon that the assured upon the occurrence of an accident shall give immediate written notice, with the fullest information obtainable at the time, to the corporation's head office at New York City, or to its duly authorized agent, does not require a notice of all accidents, but only such accidents as result in bodily injuries."

2. "If you find that neither the plaintiff nor the driver of its truck prior to the receipt of the letter from Clark Rankin, on December 4, 1913, knew or had reasonable grounds to believe that Mr. Smith received a bodily injury in the collision on July 18, 1913, and that within a reasonable time thereafter communicated said written notice to The Heister Huntington Company, then I charge you that the giving of that notice was a compliance with the provision of the policy requiring the insured to give immediate written notice of the accident."

And, also held that the trial court erred in its general charge "in the use of language from which the jury might infer that a notice was necessary to be given the defendant company under the policy on the occurrence of any accident whatever, even though bodily injury did not result therefrom."

**Employers' Liability Assurance Corp. v. Oles, et al., 13 Abs 436,** was decided by the Court of Appeals of Mahoning County on October 14, 1932, in the light of the Roehm decision. A Mrs. Moyer fell on a soapy, wet and slippery surface in a meat market owned by the defendant in error. An employee of the defendant in error assisted Mrs. Moyer to her feet after she had fallen and made inquiry of her whether or not she had received an injury. She probably stated at that time that she was not hurt. Later, she made the observation to the proprietor of the meat market that he was lucky that she was not going to sue him and said to him that she had slipped and fallen but that she was not hurt. The effect of what was said was to indicate that Mrs. Moyer did not then realize that she had sustained an injury. The accident occurred on June 22, 1928. Later, Mrs. Moyer instituted an action against Oles for damages resulting from injuries which she claimed to have sustained in the accident. This suit was the first information that Mr. Oles had that Mrs. Moyer had suffered any injury. Mr. Oles was absent when the suit was instituted, but upon his return and upon learning that the action had been commenced, he notified his insurer of the accident and that action had been commenced to recover damages thereon. The company made some investigation and refused to accept liability or to defend the case upon the ground that the delayed notice jeopardized its interest and that the terms of the policy contract respecting notice had been violated. The provision in the policy read:

"Upon the occurrence of an accident, covered by this policy, the assured shall give immediate written notice thereof to the corporation or its duly authorized agent. The assured shall give like notice with full particulars of any claim made on account of any such accident. If any suit or other proceeding mentioned in Agreement 3 is instituted against the assured, on account of any such accident, the assured shall immediately forward to the corporation or its duly authorized agent every notice, summons or other process served upon the assured."

Concerning this stipulation, the court found in headnotes Nos. 2 and 3 that:

"2. A stipulation in a liability insurance policy requiring the insured, upon the occurrence of an accident, to give 'immediate written notice' to the insured, does not, where the accident is of a trivial character or where there is no reasonable ground for believing that a claim will be made, require that notice be given until an actual claim is made.

"3. Whether the likelihood of injurious consequences of the fall of a woman customer on the concrete floor of a store, who at the time stated she was not injured, with a resulting claim for damages is so reasonably apparent as to impose upon the store owner the duty of giving his liability insurer notice of the accident in accord with the provisions of his policy requiring the giving of immediate notice upon the happening of an accident, is a question of fact."

Nye v. Louis Ostrov Shoe Co., et al., 43 N. E. (2d) 103, Court of Appeals, Summit County, January 23, 1942, arose upon a supplemental petition filed by an insured against its insurer company upon a liability insurance policy to recover the amount of a judgment obtained by plaintiff against the insured in an action for damages for personal injuries sustained by being crushed by the descending counterweights of a freight elevator in a building occupied by the Shoe Company, the insured. This case differs from the instant cause in that there was an issue if the insured had any notice or knowledge of the accident in which the employee, Nye, was injured. However, the significant finding of the court is in the fifth and sixth propositions of the syllabus:

"5. Under liability policy requiring insured to give insurer notice of any accident occurring, notice is an essential requirement to fix liability on insurer when there has been such occurrence or accident as would lead the ordinarily prudent and reasonable man to believe that it might give rise to a claim for damages.

"6. In action against liability insurance carrier to recover amount of judgment obtained against insured for injuries sustained by plaintiff when struck by descending counterweights of a freight elevator, where policy required insured to give insurer notice of such accident as soon as reasonably possible, the question whether such notice had been given was properly submitted to the jury and its determination that such notice had been given was not against the weight of the evidence."

The next Ohio case tried in a State Court is that of Wagner v. Fireman's Fund Indemnity Company, 130 N. E. (2d), 450. This is a nisi prius case decided by Judge McLaughlin, who now is on the Court of Appeals of the Fifth District. The provision in the policy there under consideration is set out in the first syllabus:

"Under automobile liability policy provision that, when accident occurs, written notice shall be given to insurer 'as soon as practicable,' quoted phrase means that insured must give notice within a reasonable time."

The notice provision in this policy is the same as to the time when it shall be given as in the policy in the instant case.

In the cited case, the first and only notice given to the insurer was when insured received summons thirty-nine days after the accident. There was some suggestion in this case as to the issue whether or not the insurance company had been prejudiced by the delay in the insured giving his notice.

Another Ohio case, but determined in the Federal District Court for the Southern District of Ohio, Eastern Division, on October 7, 1940, is London Guarantee & Accident Co., Limited, v. Shafer, et al., 35 Fed. Suppl. 647. The provision in the liability policy there involved, as here, was that upon the occurrence of an accident written notice should be given to insured "as soon as practicable." The 6th syllabus held that this should be "interpreted to mean that notice must be given within a reasonable time" and the 7th syllabus:

"Whether notice of accident was given by insured to insurer within a 'reasonable time' depends upon facts of particular case, and if insured

acts as a reasonable prudent man in determining that no claim will arise under policy, failure to give notice until such claim is asserted does not breach notice condition of policy."

The court relied upon the Roehm case and made no differentiation between the obligation of the insured to report an accident and to report an injury. The failure to give the notice sooner was sought to be excused by the insured because he claimed that he did not believe that the policy of the defendant company was involved.

The last case supporting the contention of the appellant here is the most recent one, **Keith v. Lutzweit, et al., 106 Oh Ap 123.** This case was decided October 9, 1957. The writer of this opinion participated in the judgment.

The facts in this case do not parallel the facts in the instant case to any marked degree. However, the provision in the casualty insurance policy involved provided for "immediate notice of an accident." The notice was not given until two months after the accident. Upon the facts developed, we held that there was an issue for the jury whether or not the insured had complied with the obligation enjoined upon him by the notice clause of his policy.

It may be noted that the policies in all of the Ohio cases which we have been reviewing employed the word "accident" instead of "injury" in the notice provision of their policies.

Outside of Ohio the great weight of authority is in accord with the adjudications heretofore considered. Annotation to Clements v. Preferred Accident Insurance Company of New York, 76 A. L. R. 23, at pages 53 and 61, wherein it is said at page 53:

"Briefly stated, the doctrine in question [trivial occurrence] is to the effect—to quote from the 3d syllabus by the court in the case of Chapin v. Ocean Acci. & G. Corp. (1914), 96 Neb. 213, 52 L. R. A. (N. S.) 227, 147 N. W. 465 (automobile liability)—that 'in a case where no . . . injury is apparent at the time of the accidental occurrence, and there is no reasonable ground for believing that a claim for damages . . . may arise therefrom, he (the assured) is not required to give the assurer notice until the subsequent facts as to injury would suggest to a person of ordinary and reasonable prudence that a liability to the injured person might arise. In such a case the duty of the assured (to give "immediate" notice of accident) is performerd if he gives notice within a reasonable time after the injury presents an aspect suggestive of a possible claim for damages.')" (Material in brackets ours.)

Several pages in this annotation, beginning at page 53, relate to the rule of reasonable construction of the notice clause and what facts and circumstances present a question for the jury as to the observance of required timely notice of an accident or .injury resulting from a collision which thereafter results in an action for damages for personal injuries against the insured. To like effect, 45 Corpus Juris Secundum, 1280, Paragraph 1056, Insurance:

"* * * ordinarily delay will be excused where the nature of the accident or the triviality of the injury is such as to indicate no reasonable possibility of ensuing liability on the insured's part."

And at page 1281:

"Generally, delay is excusable in the case of an accident which is trivial and results in no apparent harm, or which furnishes no ground for insured, acting as a reasonable and prudent man, to believe at the time that a claim for damages will arise or that the injury is one insured against."

Supporting this last paragraph are citations of cases from nine states including Nye v. Louis Ostrov Shoe Company, supra.

Blashfield, Cyclopedia of Automobile Law and Practice, Volume 6, Part 2, Paragraph 4117.75, states that:

"In general, whether or not the requirements of the policy concerning the giving of notice have been complied with is for the jury. * * *

"If there has been delay in giving notice, whether the delay is explained or excused is also ordinarily a question for the trier of the facts."

A case from another jurisdiction is of special interest because the facts are nearly parallel to those appearing here. The policy required immediate written notice to insurer upon occurrence of an "accident." Held, that although the insured failed for a year and a half and until claim for injuries was asserted, to give his insurer notice of automobile collision, the question of compliance with the notice clause was for the jury. The test of the obligation devolving upon the insured was whether or not he acted as a reasonably prudent person in failing to give earlier notice. Ohio Casualty Ins. Co. v. Rosaia, et al. (Washington), Circuit Court of Appeals, 9th Circuit, 74 Fed. (2d) 522.

The one case which fully supports the directed verdict is Blanc v. Farm Bureau Mutual Automobile Insurance Co. et al., 102 Oh Ap 150, decided October 13, 1955. The facts in this case parallel in particulars those found here, and the defendant insurance company and the policy involved are the same. We have high regard for the Cuyahoga County Court of Appeals and the writer of the Blanc opinion, but believe that the holding is in conflict with the other Ohio cases we have heretofore cited, and that the interpretation which is placed upon the holding in the Roehm case is not supported. The Blanc opinion, as did the trial judge in the instant case, stresses the obligation of the insured to give notice of an "accident" as distinguished from notice of an "injury" The Blanc opinion does not state the facts upon which the insured predicated his contention that the injury to the plaintiff, if any, appeared to be trivial. As we have heretofore pointed out, the cases do not make differentiation between the obligation of an insured under the notice clause of an indemnity policy which requires notice of an accident or notice of an injury.

We have examined cases cited by appellant, Luntz v. Stern, 134 Oh St 225, The Travelers Indemnity Co. v. Cochrane, 155 Oh St 305, Gergely v. Pioneer Mutual Casualty Co., 48 Abs 387, all of which treated evidence from which one conclusion only could be drawn, in which event it was held there was no issue for the jury. Also, U. S. Casualty Co. v. Breese, 21 Oh Ap 521, where a demurrer was held to have been improperly sustained to an answer which pleaded failure of an insured to give notice to its insurer, as provided in the policy of insurance. Nor do we question

those cases wherein it is held that compliance with the terms of the policy, as here pleaded, requires the insured to prove compliance. Malloy, et al, v. Head, et al, 4 Atl. (2d) 875 123 A. L. R., 941, State Farm Mutual Automobile Insurance Company v. Cassinelli, 18 A. L. R. (2d) 431, 480. Sears, Roebuck and Co. v. Hartford Accident & Indemnity Company, 313 Pac. (2d) 347, where notice of the accident was not given to the insurer until a few days before trial.

Much reliance is placed by the insurance company here on the failure of Matthews to notify it until eighteen months after the accident in view of his information and his expressed purpose to make an accident report to the company on the day following the night when he had talked to Reed, which delay may be attributed to the fact that he forgot to make up the report. Different inferences may be indulged from the same facts, either that Matthews recognized an obligation to immediately report the accident whatever the circumstances, or that what he learned from Reed did or did not put him on notice, as a prudent man, that the plaintiff had been injured and that by reason thereof his company might be called on to respond in damages. If the inference is drawn that he knew of the injury upon the above test, the insurance company would be absolved from any liability on its policy. But, if under the evidence, as the jury may have resolved it, Matthews believed, and had good reason to believe, that the plaintiff was not injured at all, or only suffered a trivial injury, and that his company would not be called upon to respond in damages to the plaintiff, the jury could have found that the notice, although given eighteen months after the accident, was made "as soon as practicable."

In other words, the issue for the jury was, when did the obligation of the insured to give notice of the accident arise? If on the night Matthews received the information from Reed, then, clearly, Matthews did not observe the obligation enjoined upon it by the insurance contract, and the unusual delay was an aggravation which made the failure of Matthews all the more flagrant.

We are not unmindful of the strong case made on behalf of the defendant insurance company by the evidence in behalf of Matthews, which may be further strengthened by the testimony which the insurance company may adduce and which has been suggested in the briefs.

It is our conclusion that giving to the evidence on behalf of plaintiff the favorable interpretation which is required, it made a case for the jury as to the observance by Matthews of the provisions of the insurance policy as to the time when notice was required to be given and as to the information therein contained when it was given.

The defendant Matthews Delivery Service in its brief not only urges the errors assigned by plaintiff but also that the trial judge "erred by refusing to allow the jury to determine the question of reasonableness of time of notice and by directing a verdict which is res judicata as to Matthews Delivery Service without giving Matthews Delivery Service a chance to put on its case."

The supplemental petition named Matthews Delivery Service as a defendant. It filed no answer or other pleading. It was not named in the judgment entry. At the conclusion of plaintiff's case, it expressed

**114**

no desire to offer testimony in its behalf. The only exception interposed on behalf of Matthews was to the court sustaining the motion (to direct a verdict) in view of the fact that the determination is binding upon Matthews Delivery Service. **Wright v. Shick, 134 Oh St 193,** 16 N. E. (2d), holds that the assured, "becoming a party to such an action, is privileged to participate in the proceedings for the protection of his interests." No error sought to be raised by Matthews is exemplified by the record.

We recognize that our judgment will be in conflict with the judgment of the Cuyahoga County Court of Appeals in **Blanc v. Farm Bureau Mutual Automobile Insurance Co., et al, 102 Oh Ap 150;** and we will, if counsel desire, certify it to the Supreme Court for review.

The first and second assignments of error of plaintiff-appellant are sustained. The judgment will be reversed and new trial granted to plaintiff with instruction to the trial court to overrule the motion of defendant-appellee, Nationwide Insurance Company, for a directed verdict in its behalf; and cause will be remanded for further proceedings according to law.

PETREE, PJ, BRYANT, J, concur.